SUPREME COURT. Monroe General Term, December, 1854.
*Johnson, T. R. Strong* and *Welles, Justices.*

## THE PEOPLE *vs.* SAMUEL MILLER.

On the trial of an indictment for obtaining an endorsement of a note by false pretences, it is proper for the prosecutor to state, as a witness, what influence the representations of the defendant had upon him, by way of inducing him to endorse the note.

Where, on such trial, it had been charged in the indictment and was proved on the trial, that the defendant obtained the endorsement by representing, among other things, that all his last year's debts had been settled and paid, it was held that such representations could not be shown to be false, by proving a specific indebtedness existing at the time, unless the existence of such specific indebtedness had been alleged in the indictment.

On the trial of an indictment in the Court of Sessions, the County Judge, presiding at the trial, can not be sworn and examined as a witness; he can not act at the same time in the capacity of both judge and witness. (a)

*Certiorari* to Monroe County Sessions. The defendant was tried and convicted in the court below for obtaining the signature of one Nelson Peet as endorser thereof to a promissory note made by the defendant, dated August 26th, 1851, payable to said Peet or order at the Farmers' and Mechanics' Bank, in the city of Rochester, at sixty-three days for one thousand dollars, by false and fraudulent pretences.

The pretences charged were, that the defendant had not any notes in bank except two several promissory notes for the payment of one thousand dollars each endorsed by the said Peet, *innuendo,* &c., and that all his last year's debts,—(*innuendo,* all the debts contracted by the said Samuel Miller in his business of milling during the year previous to said 26th of August, 1851,) were settled up (meaning thereby, paid) and also that he, the said Samuel Miller, was then solvent, well able to pay all his debts, and also then had the means and was fully able to pay the said promissory note first mentioned; and that Peet, believing these representations, was thereby induced to sign

(a) One of three referees, before whom a cause is tried can not be sworn and examined as a witness on the trial. Morss *v.* Morss, 11 Barb. S. C. Rep. 510.

the said note as endorser thereof. The negations of these representations were that the defendant was at the time they were made, to wit: on the 26th day of August, 1851, and for a long time previous the sole maker and liable to pay besides the several notes mentioned two several promissory notes in and held by the Farmers' and Mechanics' Bank of Rochester, one for the payment of $2000 and the other for $500.

That all of the debts contracted by the defendant in his business of milling during the year previous to said 26th of August, 1851, were not at the time, &c., settled up and paid, but on the contrary said defendant at the time, &c. (26th of August, 1851) owed a large amount of debts contracted by him during the year preceding the 26th of August, 1851, to wit: the two several notes of $2000 and $500 before set forth, and also a large amount, to wit: $900, to one Thomas Stratton, &c., all of which debts were contracted by defendant in his business of milling during the year preceding the 26th day of August, 1851, &c.

That said defendant was not at the time, &c. (26th of August, 1851) solvent, nor able to pay his debts, but on the contrary, &c., was utterly and wholly unable to pay his debts, and utterly and wholly insolvent, &c., &c.

That the defendant well knew the said representations to be utterly false and untrue at the time of making the same by means of which he obtained the signature of said Peet as endorser, &c.

There were two counts in the indictment, but substantially alike.

Upon the trial in the court below evidence was given in support of the indictment and on the part of the defendant various objections and exceptions were taken, which it is unnecessary to state, as the following opinion states enough of the proceedings for the right understanding of the points decided.

*S. Matthews,* for defendant.

*E. A. Raymond,* (District Attorney) for the people.

The People *v.* Miller.

*By the Court*, WELLES, J.—The note in question, the endorsement whereof by the prosecutor, Peet, is charged to have been obtained by false and fraudulent pretences, was made and endorsed for the purpose of renewing a previous one of the same amount endorsed by the prosecutor, and was so stated and understood at the time it was endorsed; and the bill of exceptions shows it was so used and appropriated. It may be questionable whether such a case comes within the spirit and object of the statutes to punish false pretences. The prosecutor's liability was not increased by the transaction, and it may be difficult to perceive how he could be injured by it, or that the defendant thereby intended to commit a fraud upon him. I do not, however, propose to place the decision of the case upon that ground.

The witness, Peet, testified, that he was induced to endorse the note by the defendant's statement to him that he was good; that he had paid all his debts; that he had property and means that he could pay him with; that he could pay the notes, and had money and property that he would and could pay him with. This evidence was objected to in season, and an exception to the decision of the court admitting it, was duly taken. We do not perceive any legal objection to this ruling. It was proper for the jury to know what influence the representations of the defendant had upon the witness by way of inducing him to endorse the note. If they had none at all, the prosecution must have failed on that ground; for although the representations were false and fraudulent, if they had no influence upon the mind of the witness, it could not be said that he was induced by them to endorse the note; which was indispensable to the consummation of the crime charged.

Amongst other evidence given by the district attorney upon the trial, was that of the witness, Nathan Calhoun, who testified that during the spring and summer of 1851, he sold the defendant a quantity of wheat, and that on the 26th of August of that year, the defendant owed him a balance for the wheat delivered, of $790·81. This evidence, when offered, was duly objected to and an exception duly taken to its admission.

Among other grounds of objection specified was the one that no such debt was mentioned in the indictment. It could only be material by way of contradicting the representation charged and claimed to have been proved that all the defendant's last year's debts had been settled and paid. If admissible at all, it could only be so, under a proper allegation or averment, alleging the fact. It would be contrary to well-established principles, to allow evidence to be given upon a material issue, tending to fasten fraud and falsehood upon the party, without any averment or notice in the indictment, of the fact sought to be proved. Indeed, this seems to have been the view entertained by the district attorney in drawing the indictment; for we find that it alleges an indebtedness of the defendant in favor of one Stratton, under which evidence was given. The same particularity is also observed in the negation of the representations charged respecting notes given by the defendant other than those endorsed by Peet. It seems to me they were necessary in those cases in order to authorize the evidence given in support of them, and equally so in regard to the evidence under consideration.

In the course of the trial, the defendant offered as a witness in his behalf the Hon. Harvey Humphrey, county judge of Monroe county. It was objected on the part of the prosecution that Judge Humphrey, being a member of the court, could not be sworn as a witness. The objection was sustained, and the defendant excepted. We think this decision was correct. The court could not be held without the county judge, and it would have broken up the court for the time being for him to take his stand as a witness. He could not act in the double capacity at one and the same time of judge and witness. To make this apparent, it is only necessary to suppose a claim of privilege by the witness in regard to answering a question put to him, or his refusal to answer a question which his associates of the court decide he is bound to answer, with a motion for his commitment, as being in contempt, until he should answer, or of evidence introduced to contradict or im-

peach him.   Such things are possible in the nature of the case.

If it should be said that the defendant might in this way be deprived of valuable evidence and exposed to a conviction for want of it, it is sufficient to say, that the indictment might bc removed to the Oyer and Terminer for trial; and if the presiding judge on the trial in that court was a material witness, it might be good ground for an adjournment until a judge should take his seat who was not wanted as a witness.

Upon the ground, however, of the admission of the evidence of the witness Calhoun, without noticing any of the other objections raised upon the trial, we think the conviction should be reversed and a new trial granted in the court below.

Ordered accordingly.

----

Supreme Court.   Albany General Term, May, 1855.   *Parker,*
*Wright* and *Harris,* Justices.