The New York Land Improvement Company, Appellant, v. William S. Chapman, Respondent.

In an action to recover damages for an alleged fraud the complaint set forth in substance that defendant was a member of a firm to whom plaintiff had rented certain premises under a lease, which permitted it, on default in payment of the rent, to enter and dispossess the lessees and to demise the premises to others; that the lessees failed to pay rent due; that plaintiff had an opportunity to lease the premises to a responsible party, and that it was induced by representations made by defendant, which were to his knowledge false, to allow the lessees to remain in possession, to refrain from re-entering and to refuse to lease to such other persons, and in consequence, the lessees being insolvent, plaintiff lost the rent. The complaint was dismissed upon the pleadings. *Held*, error ; that the allegations of the complaint were sufficient to justify the conclusion that, but for the representations complained of, plaintiff would have availed itself of its right to re-enter, and that subsequent occupation by the lessees and the additional obligation to pay rent thereafter accruing, was permitted on the faith of the false representations.

*Wemple* v. *Hildreth* (10 Daly, 481), distinguished.

The question of intention is involved in all cases of fraud, founded upon alleged false representations, in so far that the maintenance of the action is dependent upon the influence of the deceit upon the party claiming to have been damnified ; his purpose must have been governed by the deceit, to his prejudice to afford a remedy.

The complaint also alleged that on the first of January, after the commencement of the term, the lessees sublet the premises and that plaintiff accepted from them the tenancy so created for the residue of the term. *Held,* that by taking the benefit of the subtenancy plaintiff relinquished whatever claim it might otherwise have had against the lessees accruing thereafter; but it did not relieve defendant from any damages plaintiff had sustained before that date by reason of the alleged fraud.

The doctrine that any act in affirmance of a contract, after discovery of fraud, defeats the right of rescission is not necessarily applicable to an action for damages founded on the fraud.

The complaint also alleged that in an action upon the lease plaintiff had recovered a judgment against the lessees for the unpaid rent, and that an execution issued thereon was returned unsatisfied. *Held,* that such recovery did not relieve defendant from liability upon the charge of fraud, as such liability was his only, distinct from and collateral to that of the firm, and the remedy against him was concurrent with that against the firm.

It is essential to the maintenance of an action for fraud to show that damages resulted from it as the proximate cause, but it is not necessary to show that the person guilty of the fraud derived any benefit from it.

*N. Y. L. I. Co.* v. *Chapman* (22 J. S. 297), reversed.

(Argued December 13, 1889; decided January 14, 1890.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made March 15, 1887, which affirmed a judgment in favor of defendant, directed by the court at the trial.

This was an action to recover damages for an alleged fraud.

The complaint alleged that plaintiff, being the owner of certain premises in the city of New York, rented them to the firm of Groot & Chapman, composed of the defendant and two other persons named, for the term of one year from May 1, 1882, at the rent of $4,500, payable quarterly, and, in addition, twelve dollars monthly, janitor's fees; that, by the terms of the lease, the plaintiff, on default in payment of rent, should have the right to enter and take possession of the premises; also to dispossess the lessees as provided by the statute, and to demise them to others; that on August 1, 1882, there became due $1,125, and some amount of janitor's fees, and that thereafter in that month the defendant, to induce the

plaintiff not to re-enter and take possession of the premises and allow the lessees to remain in possession, falsely and fraudulently represented to the plaintiff that they were entirely solvent and amply able to pay the rent, that they had not failed in business, that they owed no debts, that the only reason they were not able to pay the rent was that in legal proceedings for the winding up and settlement of the estate of a deceased person, who formerly had an interest in their firm, an injunction had been obtained and served against their bank account, and thus they were prevented from drawing a check for the rent, which was the only reason why they did not pay it. The plaintiff further alleged that he could then have rented the premises to responsible persons for the remainder of such term, at a rent as large as that reserved by the lease, and had applications at that time for a lease of the premises, and so informed the defendant, and that the defendant, for the purpose before mentioned, on several occasions repeated such representations to the plaintiff, that they were false, and made with the fraudulent design of deceiving the plaintiff, and that he believed such statements to be true, relied upon them, and as the consequence allowed the lessees to remain in possession, refrained from re-entering and dispossessing them, and refused to lease to such other parties; and alleged that the statements so made by the defendant were false, and by him known to be so, and then proceeded to negative such representations by allegations that the lessees then owed a large amount of debts, had but a small amount of assets, and were hopelessly insolvent; that they had virtually suspended payment in June, 1882, and that no injunction had been obtained against their bank account. He also alleged that the lessee sub-let the premises on January 1, 1883, to other parties, who from that time until the end of the term paid rent to the plaintiff; and that the plaintiff in an action against the lessees upon the lease recovered a judgment against them for the unpaid rent and janitor's fees amounting to $3,072, and interest, upon which execution was issued and returned unsatisfied, and that they declare that they have no property.

The defendant, by his answer, put in issue the allegation of fraud and of the alleged opportunity or ability of the plaintiff to rent the premises to other parties for the residue of the term. When the action came on to trial the court dismissed the complaint upon the pleadings.

*F. K. Pendleton* for appellant. On a motion to dismiss, the complaint must be taken as true. Every inference and intendment is to be made in plaintiff's favor. (*Snide* v. *Bensel*, 22 Hun, 601; *Sheridan* v. *B. C. & N. R. R. Co.*, 36 N. Y. 39.) A non-suit cannot be granted if plantiff is entitled to even nominal damages. (*Van Rensselaer* v. *Jewett*, 2 N. Y. 135.) That defendant made the false representations knowingly and wilfully and with intent to deceive, is admitted on this motion. The law does not favor immunity in such cases. (*Rice* v. *Manly*, 66 N. Y. 82; *White* v. *Merritt*, 7 id. 352.) The fact that judgment has been recovered against defendant's firm for the rent, is no bar to this action. (*Goldberg* v. *Dougherty*, 7 J. & S. 189; *Morgan* v. *Skidmore*, 55 Barb. 263; 3 Abb. [N. C.] 102.)

*Hector M. Hitchings* for respondent. The complaint does not contain the necessary elements of an action for false representations and deceit or state sufficient facts to constitute such a cause of action. (*Chester* v. *Comstock*, 40 N. Y. 575; 2 Addison on Torts, §§ 1004, 1174; *Starr* v. *Bennett*, 5 Hill, 303; *Smith* v. *Countryman*, 30 N. Y. 655, 681; *Long* v. *Warren*, 68 id. 426, 431; *Kimball* v. *Bangs*, 3 N. E. Rep. 891; 1 Addison on Torts, 1; *Wemple* v. *Hildreth*, 10 Daly, 481; *Bradley* v. *Fuller*, 118 Mass. 239; *Masterson* v. *Mayor, etc.*, 7 Hill, 62; *White* v. *Miller*, 71 N. Y. 118, 133; *Austin* v. *Parsons*, 41 Conn. 282; *Lamb* v. *Stone*, 11 Pick. 527; *Waring* v. *Somborn*, 82 N. Y. 604; *Bennett* v. *Bates*, 84 id. 373.) Long before the bringing of this action the plaintiff waived any tort on the part of the defendant. (1 Addison on Torts, 44, § 52; *Brewer* v. *Sparrow*, 7 B. & C. 310; McAdam on Land. & Ten. 131, 132; *Strong* v. *Strong*, 102 N. Y. 69, 73; *S.*

*R. R. Co.* v. *Row,* 24 Wend. 74; *Bruce* v. *Davenport,* 3 Keyes, 472; *People* v. *Stevens,* 71 N. Y. 559.) The plaintiff, by the election of another, different and inconsistent remedy is estopped from pursuing this. (*Hanover Co.* v. *Sheldon,* 9 Abb. Pr. 420; *Morgan* v. *Skidmore,* 3 Abb. [N. C.] 92; *Rodemund* v. *Clark,* 46 N. Y. 357; *Bank of Beloit* v. *Beale,* 34 id. 473; *Morris* v. *Rexford,* 18 id. 553; *Kennedy* v. *Thorp,* 51 id. 174; *Bowen* v. *Mandeville,* 95 id. 241; *Strong* v. *Strong,* 102 id. 69; *Fowler* v. *S. B'k,* 113 id. 450; 23 Abb. [N. C.], 133; *Scarf* v. *Jardine,* L. R. [7 App. Cas.] 345; *Gardner* v. *Ogden,* 22 N. Y. 327; *Terry* v. *Munger,* 49 Hun, 560.)

BRADLEY, J. The action was founded on alleged fraud, for which the plaintiff sought to recover damages. And the question presented is whether the complaint stated facts sufficient to constitute a cause of action. The view of the court below was that it did not, and *Wemple* v. *Hildrith,* (10 Daly, 481) was cited in support of such conclusion. In that case the alleged representations relied upon, as fradulent, related to the pecuniary condition of the debtor, which induced the plaintiff to extend the term of credit for goods by him before then sold and delivered. It was not there alleged that the plaintiff parted with anything or that any purpose, which he then had or was proceeding to execute, was relinquished. The action was founded upon false representations which induced a mere extension of credit. And the court held that there was not the requisite certainty of any injury to the plaintiff in consequence of the representations, to furnish any basis for the estimate or recovery of damages. It is essential to the maintenance of an action for fraud that damages result from it as the proximate cause, but it is not necessary that the party guilty of the deceit derive any benefit from it. (*Upton* v. *Vail,* 6 John. 181; *Hubbard* v. *Briggs,* 31 N. Y. 518.)

In the present case the allegations of the complaint are to the effect, that the plaintiff by reason of the default of the lessees, had the purpose to terminate their tenancy by taking

possession of the demised premises pursuant to the right to do
so, and to avail itself of the opportunity, which it had, to rent
them to other and solvent persons, and was induced by the
fradulent representations of the defendant to relinquish such
purpose and to refuse to rent the premises to such other parties.
This case is essentially distinguishable from that of *Wemple* v.
*Hildrith.* Here, as it is alleged, there was not only an exten-
sion of credit for rent then due, but by permitting the lessees to
remain in possession, credit was given to them for rent there-
after to issue out of the term. Thus they were allowed to
incur liability to the plaintiff for the further use of the
premises. In view of the allegations of the complaint, it must
here be assumed that the subsequent occupation of the premises
out of which arose the additional obligation of the lessees to
pay rent, was permitted on the faith of the false representation
of the defendant; and to that extent and by that means credit
in their behalf was obtained. It is however urged that the
exercise of the right of the plaintiff to take possession of the
premises and rent them to others, rested solely in intention,
which may or may not have been executed, and whether any
damages resulted from the alleged fraud was uncertain and
speculative, and, therefore, that on the facts alleged there is
nothing to warrant a recovery. It is true that the plaintiff
had taken no steps to dispossess the lessees, and relinquished
nothing in that respect other than a purpose to do so, but the
fact upon which the right to recover depends is that, if the
representations had not been made, the plaintiff would have
executed such purpose, and rented the premises to others who
were solvent, and thus have realized something in place of the
worthless liability of the lessees which arose from the occupa-
tion of the premises by them subsequently to the time the
representations were made, which induced the plaintiff to
refrain from exercising such right. The question of intention
is involved in all cases of fraud founded upon alleged false
representations in so far, that the maintenance of an action is
dependent upon the influence of the deceit upon the party
claiming to have been damnified. The representations known

to be false in relation to the pecuniary condition of the party seeking credit, furnish no ground for action unless the person from whom it is sought is influenced by them in giving the desired credit. His purpose must have been governed by the deceit to his prejudice to afford a remedy in fraud. The right to deny credit, notwithstanding the representations or the reason to suppose that it would not have been denied if they had not been made to the plaintiff, presents a question no different, in legal effect, for the purpose of such remedy, than that which might arise in case of the sale of goods upon the faith of alleged fraudulent statements relating to the means and ability of the purchaser to pay.

In the case last supposed a contract of sale would be the product of the fraud, while here there was no new contract resulting from it. But the right of action for such cause does not rest in contract, but depends only upon the fact that an injury has been suffered resulting in damages to the party seeking redress, and that such damages are the legitimate consequence of the fraud. In *Benton* v. *Pratt*, (2 Wend. 385) a party who by agreement, within the statute of frauds and void, had promised to purchase plaintiff's hogs, was induced by the false representations of the defendants not to take them. A recovery for the alleged fraud was supported. And the court held that it was not material whether the contract for the sale of the hogs was binding or not, as it appeared that they would have been delivered and taken upon the promise to purchase but for the fraudulent representations of the defendants.

And in *Rice* v. *Manley* (66 N. Y. 82) the same principle was applied to support an action for fraud founded upon the false representation of defendant that the plaintiff did not want the cheese which the latter, by a like invalid agreement, had promised to purchase of a third party, who was induced by such representation to sell the cheese to defendant. In both those cases the performance of the void agreements to deliver and purchase the property rested in intention of the parties to them, supported by no legal right; yet, the court held that the fact whether the promise to sell and purchase would have been

performed if the defendants had not intervened and by their false representations defeated such performance, was properly the subject of inquiry; and that the determination of that question of fact in the affirmative gave support to the actions and established the right to recover such damages as resulted to the plaintiffs from the defeated performance. In the present case the plaintiff, having, as alleged, the right to the possession of the premises and the opportunity to lease them to others able to pay the rent, was induced by the false representations of the defendant, who knew them to be false, to allow the lessees to remain in possession, refrain from re-entering and to refuse to lease the premises to such other persons. The allegations of the complaint were such as to permit evidence of a state of facts to justify the conclusion that but for the representations complained of, the plaintiff would have availed itself of such right and opportunity. And the damages resulting from the facts so established would be measured by the loss sustained, not exceeding the amount of the liability of the defendants, which subsequently accrued upon the lease. The difficulty suggested of establishing the facts essential to a recovery may have more relation to the evidence than it seems to have in its bearing upon the allegations of the complaint. The latter only have consideration on this review.

It seems that on the first of January, after the commencement of the term, the lessees sub-let the premises, and that the plaintiff accepted from them the tenancy so created for the residue of the term. This, it is urged, was a waiver of the alleged fraud and its consequences. By taking the benefit of the subtenancy the plaintiff relinquished whatever claim it may otherwise have had against the lessees accruing from and after the first of January, but it did not have the effect to relieve the defendant from any damages which the plaintiff had before then sustained by reason of the alleged fraud. The doctrine that any act in affirmance of a contract, after discovery of fraud, defeats the right of rescission is not necessarily applicable to an action for damages founded in fraud. (*Gould* v. *Cayuga Co. Nat. Bank*, 99 N. Y. 333.) It is also contended

that the action and recovery by the plaintiff against the lessees of the amount of the rent for the time they remained in possession of the premises, was an election of remedy, within the doctrine upon the subject, which denied to the plaintiff any right of action against the defendant for the alleged fraud.

Such may have been the effect of that recovery if all the lessees had been chargeable with such fraud, as in that case their liability would have been merged in the judgment, embracing as it did the entire amount of rent for which they became liable upon the lease. The defendant was necessarily a party to the action upon the lease, which was made by the firm of which he was a member. The liability of the lessees was joint. But the liability of the defendant for the alleged fraud was his only, and collateral to that of the firm. The remedy against him for the fraud, was not inconsistent with that against the firm as both remedies proceed in affirmance of the lease; and because the remedy furnished by the fraud is against the defendant alone and collateral to that upon the undertaking of the lessees jointly, it was not merged in the recovery against the latter. (*Morgan* v. *Skidmore*, 3 Abb. [N. C.] 92; affirming 55 Barb. 263; *Bowen* v. *Mandeville*, 95 N. Y. 237, 240.)

The defendant being a necessary party to the former action by which the plaintiff was enabled to charge the firm, was not by the recovery had upon the lease relieved from liability upon the charge of fraud. That liability of the defendant was his, severally, and distinct from that of the firm, and the remedy was concurrent with that against it.

No other question requires consideration.

The judgment should be reversed and a new trial granted, costs to abide the event.

All concur.

Judgment reversed.