THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* BENJAMIN W. WINNER, Respondent.

*Indictment under a statute — when defective — when it may be quashed by the court — section 315 of the Code of Criminal Procedure applies only to a motion to dismiss an indictment on the grounds authorized by section 313 thereof.*

An indictment under a statute must state all such facts and circumstances as constitute the statutory offense, so as to bring the party indicted precisely within the provisions of the statute.

A person was indicted by the grand jury for the alleged offense of obtaining the signature of one Schoonmaker to a written instrument by false pretenses. After charging the crime, the indictment stated the acts constituting the crime, as follows, to wit:

"The said Benjamin W. Winner, at said time and place, falsely pretended and stated to said James Schoonmaker that his real estate at Liberty, Sullivan county, New York, was free and clear of and from all liens and incumbrances by mortgage or otherwise, which said false pretense or pretenses were made for the purpose of inducing said James Schoonmaker to sign his name and indorse, for the use and accommodation of said Benjamin W. Winner, a certain negotiable promissory note made and executed by said Benjamin W. Winner, bearing date September 8th, 1890, for the sum of six hundred dollars, payable one month after date at the Merchants and Manufacturers' National Bank, located at Middletown, N. Y.; and, by color or aid of said false pretenses, so made as aforesaid, by the said Benjamin W. Winner, the said James Schoonmaker believing them to be true, did sign his name on the back of said note, as an indorser thereof, by reason whereof he was made to suffer great financial loss and damage."

*Held,* that the indictment was defective, as it failed to apprise the defendant of what he should be prepared to answer on the trial, and failed to state in what regard the representations were false — whether the real estate was incumbered by a mortgage, judgment or mechanics' lien, or otherwise;

That it failed to falsify by specific and distinct averments such of the pretenses as the pleader intended to prove upon the trial were falsely made;

The provisions of section 315 of the Code of Criminal Procedure apply only to a motion to dismiss an indictment on the grounds authorized by section 313 thereof, viz., when an indictment is not indorsed and presented as prescribed by sections 268–272 of the Code of Criminal Procedure, or when a person has been permitted to be present during the session of the grand jury where the charge embraced in the indictment was under consideration.

When an indictment is insufficient, in not alleging facts sufficient to constitute a crime, and is one under which a defendant could not be convicted, the court before which such defendant is brought for trial possesses the right at any stage of the proceedings to grant a motion to quash the indictment.

APPEAL by the plaintiff, The People of the State of New York, from a judgment of the Court of Sessions held in and for the county of Sullivan, rendered on the 27th day of February, 1894, dismissing the indictment against the defendant.

*John W. Lyon,* for the appellant.

*T. F. Bush,* for the respondent.

PUTNAM, J. :

The defendant was indicted by the grand jury of Sullivan county for the alleged offense of obtaining the signature of one James Schoonmaker to a written instrument by false pretenses. · After charging the crime the indictment stated the acts constituting the crime, as follows : " The said Benjamin W. Winner, at said time and place, falsely pretended and stated to said James Schoonmaker that his real estate at Liberty, Sullivan county, New York, was free and clear of and from all liens and incumbrances by mortgage or otherwise, which said false pretense or pretenses were made for the purpose of inducing said James Schoonmaker to sign his name and indorse for the use and accommodation of said Benjamin W. Winner a certain negotiable promissory note, made and executed by said Benjamin W. Winner, bearing date September 8th, 1890, for the sum of six hundred dollars, payable one month after date at the Merchants and Manufacturers' National Bank, located at Middletown, N. Y., and by color or aid of said false pretenses, so made as aforesaid, by the said Benjamin W. Winner, the said James Schoonmaker believing them to be true, did sign his name on the back of said note, as an

indorser thereof, by reason whereof he was made to suffer great financial loss and damage."

The case came on for trial at the Court of Sessions of said county. After the jury were impanelled and sworn, and, presumably, after the defendant had plead, a motion to quash the indictment on the ground that it did not allege facts sufficient to constitute a crime was entertained by the court and granted, and from the judgment of dismissal of the indictment the People appeal.

It is plain that the indictment in question failed to apprise the defendant of what he should be prepared to answer on the trial. It recites that he falsely pretended and stated that his real estate was free and clear of incumbrances. But it does not state in what regard such representations were false — whether the real estate was incumbered by a mortgage or judgment or mechanic's lien or otherwise. Had it alleged that the premises in question were incumbered by a mortgage, describing it, the defendant on the trial perhaps could have shown that the mortgage was satisfied. If the indictment had stated that the incumbrance was a judgment, defendant might have been able to show that the judgment had been reversed. If the incumbrance had been stated as a mechanic's lien defendant possibly could have shown that such lien was invalid.

As the indictment was drawn, however, the respondent was compelled to enter into the trial, without being apprised of the real charge upon which the People intended to rely. We think the indictment should have stated with reasonable certainty the representations actually made, the falsity thereof, and the facts intended to be relied upon to establish such falsity.

It has been held that "an indictment upon a statute must state all such facts and circumstances as constitute the statute offense so as to bring the party indicted precisely within the provisions of the statute." (*The People* v. *Allen,* 5 Den. 76–79; *The People ex rel. Benjamin K. Phelps* v. *The Court of Oyer & Terminer,* 83 N. Y. 438–448.)

In the opinion in *The People* v. *Stone* (9 Wend. 182–191) the following language is used: "It is not necessary to negative all the pretenses set forth in the indictment. Those relied upon by the pleader, and which he expects to prove were false, must be specifically and directly negatived. It is not sufficient to charge that the

defendant *falsely pretended*, etc., setting forth the means used, and then to aver that by the means of *such false pretenses he obtained* the property; *but the pleader must go on as in an assignment of perjury, and falsify by specific and distinct averments such of the pretenses as he intends to prove upon the trial were used and were false*. (3 Chitty's Cr. Law, 762, 999; 2 id. 163, 311; 2 Maule & Selw. 379.)

" The object of this specification is to give notice to the defendant of what he is to come prepared to answer."

The same doctrine was stated in *The People* v. *Samuel Miller* (2 Park. Cr. Rep. 197), and in *Barber* v. *The People* (17 Hun, 366).

It will be seen that under the doctrine laid down in the above cases the indictment under consideration was clearly defective and insufficient. It failed to falsify by specific and distinct averments such of the pretenses as the pleader intended to prove on the trial had been made and were false.

The doctrine settled by the decisions above referred to, and many other similar cases, has not been abrogated by the Code of Criminal Procedure. That act requires " a plain and concise statement of the acts constituting the crime." In *People* v. *Dumar* (106 N. Y. 502–512) it is held that " the general principle of pleading has not been substantially changed. Under either system an offense consists of certain acts done or omitted under certain circumstances, and under neither is any indictment sufficient which does not accurately and clearly allege all the ingredients of which the offense is composed, so as to bring the accused within the true meaning and intent of the statute defining the offense. Under the former this end was secured by rules formulated and applied by the courts through long series of decisions; under the latter it is made imperative by the provisions of the statute." To the same effect, see, also, *People* v. *Albow* (140 N. Y. 130–134.)

Under the above authorities it does not require discussion to show that the indictment in question was insufficient, and we conclude, therefore, that the court below did not err in so holding.

But the appellant insists that it was error for the court below to grant the motion to quash the indictment after the defendant had plead; and after the case had come on for trial before the jury. That the only proper course for defendant, at that time, was to wait

until the evidence had been submitted and then move for a dismissal. And the appellant cites section 315 of the Code of Criminal Procedure. That section, we think, must be deemed to apply to a motion to dismiss on the grounds authorized by section 313. Tha' is, when an indictment is not indorsed and presented as prescribed by sections 268–272 of the said Code; or when a person has bee ι permitted to be present during the session of the grand jury where the charge embraced in the indictment was under consideration.

Certainly where an indictment is insufficient — in not alleging facts sufficient to constitute a crime, and under which a defendant could not be convicted, the court before whom such defendant is brought for trial should possess the right, at any stage of the proceedings, to grant a motion to quash it. Nor can the People be injured by such a disposition of the case.

We think a motion to quash or set aside an indictment, upon a ground which would be fatal to a verdict, may be made at any time. The court should not be compelled to spend time in a trial which must be futile. (See Abb. Tr. Pr. Crim. Causes, § 51; *People of the State of New York* v. *Davis*, 56 N. Y. 95–100; *People* v. *Judson*, 11 Daly, 1; Code Crim. Proc. § 331.)

We, therefore, conclude that the judgment should be affirmed.

MAYHAM, P. J., and HERRICK, J., concurred.

Judgment affirmed.