(10 Misc. Rep. 104.)

### PEOPLE v. HUBBARD.

(Superior Court of Buffalo, Criminal Term. November, 1884.)

USURY—INDICTMENT—DESCRIPTION OF OFFENSE.

An indictment for taking interest on a loan or forbearance of money, greater than that allowed by statute (Pen. Code, § 378), must specify the terms of the usurious agreement and the particular facts relied on to show the usury.

John K. Hubbard was indicted for usury, and demurs to the indictment. Sustained.

Daniel J. Kenefick, Dist. Atty., for the People.
Marcy & Close, for defendant.

HATCH, J. The charging clause in the indictment alleges that defendant, at a time and of a person specified, "wrongfully and unlawfully did exact, take, and receive * * * $3.50 in money, as interest, discount, and consideration upon the loan and forbearance * * * of $33.00 in money for the period of one month, being a greater sum for the use of the money than the statute allowed." The ground of demurrer, among others, is that the facts alleged do not constitute a crime. I think the indictment is defective in this regard. The section of the Code (Pen. Code, § 378) does not attempt to define what acts constitute usury; it simply provides that a person taking usury shall be guilty of a misdemeanor. The lan-

guage is, in all essential parts, the same as the prohibitive clause of the Revised Statutes respecting rates of interest. 4 Rev. St. (8th Ed.) p. 2512, § 2. In order, therefore, to constitute a good plea of taking usury under this section, the allegations of the indictment must charge the usurious agreement, specifying its terms; and the particular facts relied upon to bring it within the prohibitive clause of the section. Manning v. Tyler, 21 N. Y. 567; Coal Co. v. Kilderhouse, 87 N. Y. 435. The receiving or exacting a greater rate of interest than is authorized by statute may or may not constitute usury, dependent upon the circumstances, for, in order to constitute usury, it must appear that the exaction and reception of the additional interest was in pursuance of a mutual agreement between the parties (Morton v. Thurber, 85 N. Y. 551; People v. Wheeler, 47 Hun, 484); and this agreement must be alleged and proved (People v. Albow, 140 N. Y. 134, 35 N. E. 438). The demurrer to the indictment is therefore allowed, and the case is directed to be resubmitted to another grand jury.