MINNIE WHEADON, Respondent, *v.* EDWARD HUNTINGTON, Appellant.

83   371
43ap474

*Action in tort — what proof of fraud must be made.*

To entitle the plaintiff to recovery, in an action based upon contract, in procuring which it is alleged that the defendant was guilty of a fraud, the plaintiff must prove all the elements of fraud which are material, viz., representations, falsity, scienter, deception and damage.

FIFTH DEPARTMENT, DECEMBER TERM, 1894.          [Vol. 83.

The plaintiff must still prove not only that the representations alleged in his complaint were made; that they were false; that the person making them knew them to be false; that they operated to deceive the plaintiff, but also that he suffered injury in consequence of such representations, and if any one of these essential elements is omitted, the proof of the fraud alleged is not complete, and the plaintiff is not entitled to recover.

APPEAL by the defendant, Edward Huntington, from an order of the Supreme Court, made at the Cayuga Circuit and entered in the office of the clerk of the county of Cayuga on the 3d day of May, 1894, granting the plaintiff's motion for a new trial made upon the minutes.

*William S. Moore,* for the appellant.

*Coburn & Hunter,* for the respondent.

HAIGHT, J. :

The complaint alleges that on the 23d day of January, 1893, the defendant executed and delivered to the plaintiff his promissory note for fifty dollars; that prior to the giving of the note, and for the purpose of obtaining credit with the plaintiff, as she is informed and believes, the defendant willfully and falsely represented that he had valuable property consisting of unincumbered real estate and other property in the village of Geneva, N. Y., belonging to him, and that he was perfectly solvent and pecuniarily responsible ; that she relied upon and believed the representations made to be true, and gave him credit in consequence thereof, and that said representations were false.

Upon the trial the plaintiff gave evidence tending to show that at the time of the giving of the note the defendant stated that he owned the dwelling house where he lived, also the block in which his business was located, a portion of which was occupied by the express company and a steam bakery, also a lot used in the winter for a skating rink, and some personal property, and that it was free from incumbrances. The plaintiff then called the defendant as a witness, who was sworn in her behalf, and he testified that he did not own the house and lot where he lived; that that was owned by his wife, but that he did own the block where the steam bakery and express office were kept, and that he also owned the lot which was used as a skating rink in the rear thereof; that the skating rink

property was unincumbered at the time; that he also owned a number of knitting machines, which were in the block, of the value of between $3,000 and $4,000, and that they were unincumbered; that the block owned by him, occupied in part by the express company and the bakery, was incumbered for $8,000, but that it was of the value of $12,000 over and above the incumbrance. He further testified that he had no indebtedness besides the incumbrance mentioned upon the real property.

When the plaintiff rested, the defendant moved for a nonsuit upon the ground that the plaintiff had not proved the cause cf action alleged by her, and the motion was granted. The trial court, in granting the motion for a new trial, says: That "the nonsuit was directed in this action upon the theory that in order to establish the fraud alleged in the complaint it was necessary for plaintiff to prove all the elements of fraud which are material to recovery in an action sounding in tort. In such cases it is well settled that the essential requisites are representations, falsity, scienter, deception and damage. (*Brackett* v. *Griswold*, 112 N. Y. 454; *N. Y. L. Imp. Co.* v. *Chapman*, 118 id. 288; *Hotchkin* v. *T. N. Bk.*, 127 id. 329.) There was sufficient evidence of the presence of all these elements, save the last one, to warrant a submission of the case to the jury, but I thought upon the trial, and I am still of the opinion, that there was no evidence whatever of any damage resulting to the plaintiff from the representations made by the defendant at the time he gave the note in suit, and consequently, although for the purpose of the motion it was to be assumed that such representations were false and were made with intent to deceive, it seemed proper to take the case from the jury." The learned justice then proceeds with an argument attempting to show that he was in error in granting the nonsuit, for the reason that the action was upon contract, and that in such an action it was not necessary to show damages resulting from the fraud, citing as his authority *Hoboken B. Co., Ld.,* v. *Loeffel* (4 N. Y. Supp. 798). In this view we are unable to concur.

Subdivision 4 of section 549 of the Code of Civil Procedure provides that the defendant may be arrested "in an action upon contract, express or implied, other than a promise to marry, where it is alleged in the complaint that the defendant was guilty of a fraud in contracting or incurring the liability, * * * but where

such allegation is made the plaintiff cannot recover unless he proves the fraud on the trial of the action, and a judgment for the defendant is not a bar to a new action to recover upon the contract only."

It will be observed, upon an examination of this statute, that whilst the action may be based upon a contract, the plaintiff may allege that the defendant was guilty of a fraud in procuring it, and where such an allegation is made the fraud must be proved upon the trial. To our mind this does not change the rule that existed before the adoption of this provision. The fraud must be proved in all of its essential elements, not only that the representations were made; that they were false; that the person making them knew them to be false; that they operated to deceive the plaintiff, but also that he suffered injury in consequence of such representations. If any one of these essential elements is omitted, the proof of the fraud alleged was not complete, and, therefore, the plaintiff was not entitled to recover.

By again referring to the evidence, we see that it affirmatively appears from the plaintiff's own showing that the defendant had unincumbered real estate and personal property out of which the plaintiff could have made good any execution that should be issued upon her judgment. It consequently does not appear that the defendant was insolvent at that time, or that he has since become insolvent. It, therefore, follows that the representations were harmless, and that the learned trial justice was correct in granting the nonsuit.

The order appealed from should be reversed.

DWIGHT, P. J., LEWIS and BRADLEY, JJ., concurred.

Order appealed from reversed, and judgment ordered for the defendant on the nonsuit.