## PEOPLE v. KANE.

(Supreme Court, Special Term, Kings County. May 26, 1899.)

1. INDICTMENT—DUPLICITY.
   An indictment is not duplicitous, though it alleges all of several breaches of a statute in a single count, employing "and" when the statute reads "or."

2. STATUTES—DIVISIONS.
   Greater New York Charter is only one statute, though it is divided into chapters and sections.

3. INDICTMENT—DUPLICITY.
   An indictment is not duplicitous, though it sets forth different acts, committed necessarily at different times, where the various acts constitute one entire transaction which is prohibited by statute.

4. FRAUD—CRIMINAL RESPONSIBILITY—RESULTING DAMAGES.
   Resulting damages are essential to render one guilty of the crime of fraud.

5. INDICTMENT—DUPLICITY.
   An indictment charging several offenses is not duplicitous, where the facts alleged are insufficient to show defendant guilty of more than one offense.

6. SAME.
   The rule that it is sufficient for an indictment to charge in the words of the statute does not apply where the statute does not define the offense.

7. SAME—MUNICIPAL OFFICERS—CRIMINAL RESPONSIBILITY—BIDS FOR CONTRACTS.
   An indictment alleging that defendant, as a city officer, without advertisements or procuring sealed bids, let out to a certain person at a certain time the work of cleaning receiving basins forming a part of the sewer system of the borough of Brooklyn and city of New York, at an agreed price of $4.75 per basin, without any allegation as to the number of

basins contemplated, or that the work was to cover any stated period, or that defendant could not at any time terminate the contract, is insufficient, under Greater New York Charter, § 419, prohibiting the letting of a contract for the city without advertisement and procuring sealed bids where the several parts of the work involve an expenditure of more than $1,000.

**8. SAME.**

The want of such allegation is not cured by a subsequent paragraph alleging that defendant at a different time approved of bills of such person exceeding $1,000 for services in cleaning said receiving basins, as mere inference cannot supply an allegation essential to establish the purview of the statute.

**9. SAME.**

The indictment must show that the work, when it was awarded, involved an expenditure exceeding $1,000, as the mere fact that it might be continued long enough to cost $1,000 does not show a violation of the statute.

**10. SAME—AUTHORIZATION.**

An indictment under Greater New York Charter, § 419, prohibiting a department of public improvements from employing one to make any public improvement "that may be the subject of contract," without due authorization by the board of public improvements or the municipal assembly, is insufficient, where it alleges that defendant did "incur" expenditure for cleaning sewer basins without such authorization.

Indictment against James Kane for the commission of a crime. On demurrer. Sustained.

For opinion on appeal, see 61 N. Y. Supp. 195.

Hiram R. Steele, Dist. Atty., for the People.

Robert H. Elder, for defendant.

JENKS, J. The stress of counsel in argument and in brief is upon the alleged duplicity, and therefore I shall consider first the grounds of the objection that three separate and distinct crimes, namely, violation of law, evasion of law, and fraud, are charged in the single count of this indictment. The fact that the statute is expressed in disjunctives, while the indictment employs conjunctives,—violating "and" evading "and" committing a fraud,—is not fatal. Aside from the grave question whether a statutory misdemeanor can be charged in the disjunctive, it is clear that a charge in the form followed is well made. The pleader may allege all breaches in a single count, employing "and" where the statute reads "or," and there is no duplicity, and the crime will be established upon proof of any one of the infractions. 1 Bish. New Cr. Proc. §§ 434, 586; Whart. Cr. Pl. § 228; Bork v. People, 91 N. Y. 5; People v. Davis, 56 N. Y. 95; People v. Wicks, 11 App. Div. 539, 42 N. Y. Supp. 630; People v. Smith (Gen. Sess.) 5 N. Y. Supp. 22.

It is of no moment that the provisions of law violated or evaded are contained in different sections of the charter. The charter is one statute, namely, chapter 378 of the Laws of 1897, and the eye of the law so regards it. Greater New York Charter, § 1620; People v. Willis, 158 N. Y. 392, 397, 53 N. E. 29. The division thereof into chapters and sections is but formal. There is no force in the objection that the indictment sets forth different acts, committed necessarily at different times; and that each act therefore in itself constitutes a distinct crime. As it is not necessary to specify a public stat-

ate in the indictment (People v. Willis, supra), this is not done; but parallel comparison clearly shows, as the learned district attorney states, that the indictment is found upon section 1551 of the charter. The sole crime charged is a breach of that part of the charter contained in this section. That in itself creates a misdemeanor. The crime is based upon a single transaction involved in the award on January 4, 1898, of the work of cleaning the receiving basins connected with and forming a part of the sewer system of the borough of Brooklyn and city of New York. And each alleged act of evasion or violation "represents a phase of the same offense,"—violation or evasions of different requirements of certain statutory procedure that must be followed in certain cases. If such acts of omission or commission are component parts or represent preliminary stages of a single transaction, to set them out is not to charge separate crimes. Boland v. People, 25 Hun, 427, affirmed in 90 N. Y. 678; Read v. People, 86 N. Y. 382; Woodford v. People, 62 N. Y. 128; Osgood v. People, 39 N. Y. 451; Whart. Cr. Pl. § 251; 1 Bish. New Cr. Proc. § 434.

I think that the foregoing considerations are sufficient answer to the objection that fraud is alleged as a separate crime, but, inasmuch as peculiar stress is laid upon this objection, it is pertinent to point out that there is a further and conclusive answer. Conceding that the pleader attempted to allege fraud, he has wholly failed. The indictment alleges that the agreed price of $4.75 was grossly excessive; and further on, in a separate paragraph, equivalent words are used, with the allegation that the defendant knew that the prices were grossly excessive, and, notwithstanding, approved of certain bills. But, before fraud can be predicated of an act, damages must result therefrom, as the proximate result thereof. Cooley, Torts, 474; Improvement Co. v. Chapman, 118 N. Y. 288, 23 N. E. 187, citing Upton v. Vail, 6 Johns. 181; Hubbard v. Briggs, 31 N. Y. 518. See, too, Wheadon v. Huntington, 83 Hun, 371, 31 N. Y. Supp. 912. Now it is not alleged that any sum whatever was ever paid on account of this work, or that in consequence any liability was cast upon the city of New York, or that the defendant or any other ever profited to the loss or damage of the municipal corporation. If the theory of the indictment be sound, liability of the city can neither be inferred nor found. Nelson v. City of New York, 131 N. Y. 4, 29 N. E. 814; Kramrath v. City of Albany, 127 N. Y. 575, 28 N. E. 400, citing authorities on pages 581, 582, 127 N. Y., and pages 400, 401, 28 N. E. Indeed, the indictment itself disavows consummation, in that it alleges in conclusion that the acts were done "with intent to commit a fraud." At most, the allegations would indicate the attempt. Pen. Code, § 34. And there could not even be the conviction of an attempt unless the crime was charged. Id. § 35. The allegations that fall short of the charge of the crime are regarded as surplusage. Lohman v. People, 1 N. Y. 379; Dawson v. People, 25 N. Y. 399. If a count charge two or more offenses, and yet but one of them sufficiently, no charge of duplicity will lie, for there must be complete averments of at least two crimes. 2 Bish. New Cr. Proc. §§ 440, 480, citing authorities. See Dawson v. People, supra; Whart. Cr. Pl. § 243.

But this demurrer is based upon all of the grounds authorized by

subdivisions 2, 3, and 4 of section 323 of the Code of Criminal Procedure, and therefore I am bound to test it further, although I have passed upon the points most dwelt upon by the learned counsel for the defendant. The serious question, to my mind, is whether this indictment states any act that constitutes the crime charged. The rule that in an indictment for a statutory crime, and especially for a misdemeanor, it is sufficient to charge in the words of the statute, does not obtain in this case, for the reason that the section does not define the offense, and therefore use of the statutory words would not give notice of what the offense consists. Whart. Cr. Pl. § 220. We must seek in other provisions of the charter for the law which is alleged to have been violated or evaded.

The defendant is charged with having let certain work, already specified in this opinion, on January 4, 1898, without advertisement, or procuring sealed bids or proposals, or inviting competition, or without written contract or specification, or without requiring security, or without the approval or authorization of the work, or without the certificate of the necessity of the expenditure, or the certificate of authorization or of the appropriation therefor. This procedure is prescribed in section 419 of the Greater New York charter. This section first provides that all contracts, except as otherwise provided, shall be made by the the appropriate head of department, under such regulations as shall be established by ordinance or resolution of the municipal assembly. Then follow these words:

"Whenever any work is necessary to be done to complete or perfect a particular job, or any supply is needful for any particular purpose, which work and job is to be undertaken or supply furnished for the city of New York, and the several parts of the said work or supply shall, together, involve the expenditure of more than one thousand dollars, the same shall be by contract under such regulations concerning it as shall be established by ordinance or resolution of the municipal assembly, excepting such works now in progress as are authorized by law or ordinance to be done otherwise than by contract, and, unless otherwise ordered by a vote of three-fourths of the members elected to the municipal assembly; and all contracts shall be entered into by appropriate heads of departments, and shall, except as herein otherwise provided, be founded on sealed bids or proposals, made in compliance with public notice," etc.

And here follow the provisions of procedure that are alleged in this indictment to have been violated or evaded.

Thus it appears that this statute does not make all works undertaken by the city of New York subject to a contract to be awarded and executed after the procedure indicated in section 419, and set forth in detail in the indictment, but only such work or job which in its several parts involves the expenditure of more than $1,000. This is the section upon which the indictment depends, save as hereinafter noted, and the indictment must be tested by it. In Swift v. Mayor, etc., 83 N. Y. 528, the court of appeals passed upon the statute upon which this present provision is based. At page 537 the court, per Rapallo, J., says:

"The only objection made by the defense, on the trial, to the plaintiff's right to payment of his claim, was that the work was not contracted for pursuant to section 91 of the charter of 1873. No other point was made upon the trial in this respect. That section provides that whenever any work is necessary to be done to complete or perfect a particular job for the corporation, and the several

parts of said work shall together 'involve the expenditure of more than one thousand dollars,' the same shall be by contract made by the appropriate head of department with the lowest bidder after advertisement inviting proposals. The work in question is conceded by this objection to have been done for the corporation, but it was not done to complete any particular job, nor did it necessarily involve the expenditure of more than one thousand dollars. The employment was for a service continuous in its character, but terminable at the pleasure of the employer. The mere fact that it might be continued so long as to cost the city in the aggregate more than one thousand dollars did not, we think, bring it within the provisions of the section. It was intended to apply to contracts for particular jobs, involving a liability to pay the amount named, not to services for an indefinite period, involving no obligation on the part of the city to continue the service."

There is before me, then, a statute that is not general, in that it applies to all public works, but only to public work of a certain character and involving the payment of a certain sum or more. By its own terms it is limited in its application, and that application is, in effect, expressed in the very enacting clause of the section. If any work in its several parts does not involve the expenditure of more than $1,000, then these particular provisions set forth in the statute, which are alleged in the indictment, do not apply.

Mr. Bishop, in his New Criminal Procedure, in volume 1, § 636, lays down the rule:

"The negative of all exceptions in the enacting clause should be averred, unless such in form and substance that an affirmative offense will appear without."

Mr. Wharton, in his Criminal Pleading and Practice (section 240), writes:

"Where exceptions are stated in the enacting clause (under which term are to be understood all parts of the statute which define the offense), unless they be mere matters of extenuation or defense, it will be necessary to negative them, in order that the description of the crime may in all respects correspond with the statute."

The rule is most elaborately and cogently stated, and sustained by many citations, in the leading case of Com. v. Hart, 11 Cush. 130, 136, per Metcalf, J., who, in the course of his discussion, says, inter alia:

"The word 'except' is not necessary in order to constitute an exception within the rule. The words 'unless,' 'other than,' 'not being,' 'not having,' etc., have the same legal effect, and require the same form of pleading."

In Dawson v. People, 25 N. Y. 402, the court, per Selden, J., says:

"These qualifying words being found in the enacting clause of the statute, an indictment would not be good which failed to show that the defendant was not within their protection;" citing authorities.

The rule is well recognized, though not applied, in Fleming v. People, 27 N. Y. 329, and again enunciated, with authorities, in Harris v. White, 81 N. Y. 532, 546, 547. It is to be noted that there is a substantial difference recognized in the decisions between an exception in the enacting words of the statute, and a mere proviso or subsequent qualification, and the decisions are entirely harmonized when this distinction is borne in mind. The reason for the rule, as gleaned from the various precedents, and as indicated by Mr. Wharton, seems to be this: A statute that contains an exception in its enacting

clause does not, therefore, prescribe a general scheme, but rather a rule applicable to certain cases.

It is elementary that "an indictment upon a statute must state all such facts and circumstances as constitute the statute offense, so as to bring the party indicated precisely within the provisions of the statute." People v. Allen, 5 Denio, 79; Wood v. People, 53 N. Y. 511; Eckhardt v. People, 83 N. Y. 462; People v. Lowndes, 130 N. Y. 463, 29 N. E. 751; U. S. v. Hess, 124 U. S. 483, 8 Sup. Ct. 571, 31 L. Ed. 516; People v. Winner, 80 Hun, 130, 30 N. Y. Supp. 54. The question upon this indictment is whether it states facts constituting the offense, within the provisions of the statute. Is this work awarded on January 4, 1898, shown to be a contract on a particular job, involving a liability to pay $1,000 or more, within the interpretation of the court of appeals in Swift v. Mayor, etc., supra? It is not stated how many basins were contemplated at the time the work was awarded,— whether 2 or 200. It is not stated what expenditure was contemplated or involved, beyond the allegation that the price was $4.75 per basin, so that even the sum of $9.50, or the price of cleaning 2 basins, might, for aught that appears, justify the statement. Not only is the number of basins contemplated not shown, but even the number of basins in the sewer system is not stated. It is not alleged that the work was to cover any stated period, or that the agreement could not at any time be terminated by the defendant. What is there then in the indictment to indicate that the work in question necessarily involved the expenditure of $1,000 at the time this work was awarded? In my opinion, this indictment fails to charge any violation or evasion of law based upon these provisions of procedure that in express terms are limited to work involving the expenditure of more than $1,000. The fact that a different and distant paragraph of this indictment charges that the defendant approved, within a very short period, of divers bills, each appropriating $1,000, and aggregating more than $4,000, which were "for services in cleaning the sewer basins or receiving basins forming part of the sewer system of the said borough of Brooklyn and city of New York," does not cure. There is no connection made by any averment between the work let out on January 4, 1898, and the work for which these bills were approved. Indeed, none is attempted to be made. Mere inference, however strong, is not a substitute for averment, when the purview of the statute is to be established. For aught that is stated, there appear two isolated transactions, namely, a statement in the first paragraph that on January 4, 1898, the defendant let out certain work in cleaning sewer basins to one Cunningham, and a statement that at other and different times the defendant let out certain bills of Cunningham for cleaning sewer basins. It is not alleged that the bills represented the work awarded on January 4th, or any part of it, nor is there other statement to establish the sequence. "The indictment must show what offense has been committed and what penalty incurred, by positive averment. It is not sufficient that they appear by inference." Whart. Cr. Pl. § 225. In People v. Albow, 140 N. Y. 130, 35 N. E. 438, the court, per Andrews, C. J., says:

"It is not sufficient to allege the facts from which an inference of the principal fact may be drawn. * * * 'No essential element of the crime can be omitted without destroying the whole pleading. The omission cannot be supplied by intendment or implication, and the charge must be made directly, not inferentially or by way of recital.'"

But, even assuming that it be established by the terms of the indictment that the bills approved were rendered for work that was done by Cunningham under work awarded to him on January 4, 1898, that is not sufficient to establish an evasion or violation of the law. It must appear that the work, at the time when it was awarded, involved the expenditure of more than $1,000. "The mere fact that it might be continued so long as to cost the city in the aggregate more than $1,000 did not, we think, bring it within the provisions of the section," is the exact language of the court of appeals in Swift v. Mayor, etc., 83 N. Y. 528, 537, 538. So here the mere fact, conceding the connection, that the bills rendered amounted to more than $1,000, did not bring the case within the provisions of the section.

Nor can the indictment be saved, in that the second paragraph alleges that the defendant employed Cunningham without the authority of the board of public improvements or that of the municipal assembly, and thereby evaded or violated the law, for the reason that the prohibitory section of the city charter (413) provides:

"Except as herein otherwise provided, any public work or improvement within the cognizance and control of any one or more of the departments of the commissioners who constitute the board of public improvements, that may be the subject of a contract [not all work], must first be duly authorized and approved."

The evasion or violation set forth in the third paragraph cannot sustain the indictment. It is there alleged that the defendant did incur the expenditure for said work without the certificates, either of the necessity therefor, or that the expenditure had been duly authorized and appropriated. But the words of the statute are, "No expenditure for work or supplies involving an amount for which no contract is required shall be made," etc., not "incurred" (section 419), and there is no allegation in the indictment that any expenditure was ever made.

For these reasons, I am of opinion that the indictment is fatally defective, and must be thrown out upon the challenge of the demurrer. I have no concern with the guilt or innocence of the accused; nor do I, of course, in any way pass upon it. The sole question before me is whether this criminal pleading is good, in law, against this attack. In my opinion, it is no answer here to say that the days of strict construction have gone by, or that courts more and more disregard form for substance, and frown upon old-time niceties. It is not the intent or the purpose either of code provision or judicial construction to dispense with the essentials of sound criminal pleadings. Those essentials in this case are not far to seek. This indictment drawn upon a statute must accurately and clearly state such circumstances and facts as bring him (the accused) precisely within the provisions of that statute, else he must not be put to the jeopardy of his trial. And this is so, not alone for the security of the accused man, but for the proper administration of the law. U. S. v. Hess, supra;

People v. Albow, supra.   The general principles in criminal pleading
substantially remain.   It is "the strictness in unessential matters"·
that has been relaxed.   People v. Dumar, 106 N. Y. 502, 512, 13·
N. E. 325;  People v. Albow, 140 N. Y. 130, 35 N. E. 438;  People v.
Conroy, 97 N. Y. 69;  People v. Winner, 80 Hun, 130, 133, 30 N. Y.
Supp. 54.

The demurrer is sustained.