No. 97-579

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 319N

STATE OF MONTANA,

Plaintiff and Respondent,

v.

THERESA CONTRERAZ,

Defendant and Appellant.

APPEAL FROM: District Court of the Thirteenth Judicial District,

In and for the County of Yellowstone,

The Honorable Russell C. Fagg, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

William A. D'Alton, Deputy Public Defender; Billings, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General; Tammy K. Plubell,

Assistant Attorney General; Helena, Montana

Dennis Paxinos, Yellowstone County Attorney; Billings, Montana

Submitted on Briefs: September 10, 1998

Decided: December 23, 1998

Filed:

_____

Clerk

Justice Jim Regnier delivered the opinion of the Court.

**¶1. Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.**

**¶2. On January 16, 1997, the State charged Theresa Contreraz before the District Court of the Thirteenth Judicial District in Yellowstone County with theft, a felony, in violation of § 45-6-301(1), MCA. Contreraz pled not guilty to the charge. On June 13, 1997, a jury found Contreraz guilty of felony theft. On August 7, 1997, Contreraz filed a notice of appeal. The only issue raised by Contreraz on appeal is whether the District Court erred when it admitted into evidence demonstrative exhibits introduced by the State.**

## FACTUAL BACKGROUND

**¶3. Theresa Contreraz was hired as a bookkeeper by Eckroth Music and was employed in that capacity for over six years. Contreraz's duties primarily involved handling the deposits, invoices, cash, checks, and credit card receipts for the Billings office of Eckroth Music. The State maintains that Contreraz is responsible for $4399.42 that is missing from the Eckroth Music account.**

**¶4. On appeal, Contreraz alleges that the District Court erred when it allowed into evidence demonstrative exhibits that were intended to provide a summary of the amounts of currency and checks determined to be missing from the Eckroth account. The exhibits were prepared by Grace Chase, a certified public accountant and the business manager for Eckroth Music. The State requested that the exhibits be used for demonstrative purposes and that the jury be allowed to take the exhibits into the jury room. In a pretrial hearing, Contreraz objected to the admission of the demonstrative exhibits into evidence.**

## DISCUSSION

**¶5. Did the District Court err as a matter of law when it admitted the State's demonstrative exhibits into evidence?**

**¶6. Prior to jury selection, the District Court held a hearing on pending pretrial motions. At the conclusion of the hearing, the State informed the District Court that it had prepared four demonstrative exhibits for the jury. After viewing the exhibits, Contreraz made a general objection to their introduction and argued, first, that the exhibits had been put together by a witness for the State, second, that she may not have the documents from which the exhibits were made and, third, that the phrase "missing cash receipts" on one of the exhibits was misleading because "cash" could actually mean currency and checks. The District Court concluded that at trial the State's witnesses would testify that the term "cash" meant currency and/or checks in order to clarify the phrase "missing cash receipts."**

**¶7. During trial, the State moved for admission of the demonstrative exhibits. The District Court specifically asked Contreraz if she objected to the introduction of the exhibits, to which she responded that she had no objection. The District Court record also reflects that Contreraz did not object to the admission of any of the State's other exhibits.**

**¶8. The standard of review for evidentiary rulings is whether the district court abused its discretion.** *See State v. Gollehon* **(1993), 262 Mont. 293, 301, 864 P.2d 1257, 1263. We have held that "[i]t is well settled that issues and claims of error not properly preserved in the trial court are barred from appellate review."** *State v. Spotted Blanket***, 1998 MT 59, ¶ 13, 955 P.2d 1347, ¶ 13, 55 St. Rep. 253, ¶ 13. Moreover, § 46-20-104(2), MCA, provides:**

Upon appeal from a judgment, the court may review the verdict or decision and any alleged error objected to which involves the merits or necessarily affects the judgment. Failure to make a timely objection during trial constitutes a waiver of the objection except as provided in 46-20-701(2).

**¶9. Even though in a pretrial hearing Contreraz indicated that she objected to some**

of the State's demonstrative exhibits, at the time of trial the District Court record and transcript clearly reflect that Contreraz stipulated to the admission of the State's demonstrative exhibits. Because Contreraz failed to make a timely objection during trial, we agree with the State that pursuant to § 46-20-104, MCA, she waived the objection to the admission of the exhibits and did not preserve the issue for appeal. Contreraz was specifically asked at trial whether she had any objection to the introduction of the exhibits into evidence and she stated that she did not.

¶10. Accordingly, we conclude that the District Court did not err when it admitted into evidence the State's demonstrative exhibits.

¶11. The judgment of the District Court is affirmed.

/S/ JIM REGNIER

We Concur:

/S/ J. A. TURNAGE

/S/ KARLA M. GRAY

/S/ JAMES C. NELSON

/S/ W. WILLIAM LEAPHART