## Court of Appeals.

*October*, 1887.

*(Reversing 5 N. Y. Crim. Rep. 55.)*

## PEOPLE *v.* DUMAR.

FORM OF INDICTMENT—IT MUST CHARGE BOTH CRIME AND ACT—CODE CRIM. PROC. §§ 275, 278 ; PENAL CODE, § 528.

An indictment under the Code of Criminal Procedure (§ 275) must charge the crime and also the act constituting the crime. The omission of either of these things is fatal to an indictment.

And if one of several acts constitutes the crime, the several acts must be separately stated in different counts of the indictment.

The evidence given against defendant must tend to prove the crim-

inal act charged in the indictment; proof of some other act not charged, but which constitutes the crime charged, is insufficient.

An indictment which charges defendant with a common law larceny by unlawfully and feloniously stealing, taking, and carrying away, is not sustained by evidence that defendant obtained the property by false representations.

Appeal by defendant Alexander Dumar, from a judgment of the supreme court, general term, in the fifth department, entered upon an order made October 22, 1886, which affirmed a judgment of the court of sessions of Monroe county, entered upon a verdict convicting defendant of grand larceny in the second degree.

The opinion of the general term of the supreme court upon the decision which is here reversed by the court of appeals appears in 5 *N. Y. Crim. Rep.* 55.

The facts sufficiently appear in the opinion of the court of appeals.

*P. Chamberlain, Jr.,* for defendant, appellant.

*Geo. A. Benton,* district attorney for the people, respondent.

DANFORTH, J.—The grand jury of Monroe county, by indictment, accused the defendant Dumar and one Hensler of the crime of grand larceny, committed (as therein alleged) as follows: On the 3d of February, 1885, at Rochester, certain carpets and rugs (describing them), of the goods, etc., "of Ilus F. Carter, then and there being found, unlawfully and feloniously did steal, take, and carry away contrary to the form of the statute in such case made and provided." Dumar was arraigned and pleaded not guilty. The record shows that the issue so formed was brought to trial and the district attorney, in opening the case to the jury, as he was bound to do under section 388 of the Code of Criminal

Procedure, said the people would show that the defendant had committed the crime of grand larceny by obtaining from Carter certain personal property by false representations, and a false writing. Whereupon counsel for the defendant asked that he be discharged on the ground that the case so stated varied from the crime charged. The motion was denied. Evidence then given on the part of the plaintiff showed a sale and delivery of the carpets and other property by Carter to the defendant at the time stated in the indictment in consideration of $742.81, in part payment of which the defendant gave ten dollars in cash and his two notes, each for $350, payable at two and three months respectively, leaving a balance due from him as stated upon the bill then rendered by Carter of $32.81. But the evidence also tended to show that fraudulent pretences and representations had been made as to certain securities given by him in order to induce the sale, and no evidence was given of any taking against the will of the owner, nor of the act as charged in the indictment, and at the close of the plaintiff's evidence a motion to discharge the defendant was again made upon the ground, among others, first, that the testimony on the part of the people fails to show that the crime of larceny has been committed as set forth in the indictment; and, second, that there is a variance between the proofs offered by the people and the allegations of the indictment." The motion was denied; and in submitting the case to the jury the learned trial judge instructed them that the crime charged in the indictment was made out if the defendant, "with the intent to defraud and deprive the true owner of his property, and to appropriate the same to his own use, obtained it from his possession by color or aid of fraudulent or false representations," saying: "If, then, you shall come to the conclusion that the defendant did, on the third day of February last, obtain from Mr. Carter property of the value of over $500 by reason, or through

or by the aid of fraudulent or false representations or pretences, then you shall find him guilty of grand larceny in the first degree," and of some lower degree, as they should find the value of the property. By proper exceptions to the charge the point made at the beginning of the trial was again presented.

The defendant was convicted of grand larceny in the second degree, and duly sentenced. Upon appeal the conviction was affirmed by general term of the supreme court, and the defendant appeals. Many exceptions were taken upon the trial, not only to the course of procedure but the sufficiency of the evidence to establish any crime. They are not destitute of merit, but the only question we think it necessary to consider is one of pleading. Our conclusion as to that will dispose of the appeal. The indictment on which conviction was had, was, as the learned counsel for the respondent says, good at common law (*Arch. Cr. Pr.* and *Pl.*, by Pomeroy, vol. 2, p. 1141). It was also good under the Revised Statutes of this state defining larceny (2 *R. S.* 679, § 63 ; *Id.* 690, § 1) ; but if the doctrine contended for by him as to the form of the indictment and evidence under it in cases of larceny committed in the various ways now known to the law, be admitted, it would, in our opinion, not only lead us (1) to encounter known principles of natural justice which, in all criminal prosecutions, entitle the accused "to be informed of the nature and cause of the accusation" (*Bill of Rights,* § 14) ; (2) to wholly disregard the general current of judicial authority in this state ; and (3) to put aside the plain and explicit directions of the statutes by which the matters here involved are now regulated (*Penal Code and Code of Criminal Procedure, infra*). Under the former system a substantial distinction was recognized between the crimes of larceny (2 *R. S.* 697, § 63 ; 690, § 1) and false pretences (2 *R. S.* 697, §§ 53, 54). In order to constitute larceny there must have been a taking of personal property against the will

of the owner. The other offence could not be confounded with it. In either case the property may have been obtained by artifice or fraud; but if in one the owner intended to part with his property absolutely, and to convey it to the defendant, but in the other intended only to part with the temporary possession for a limited and specific purpose, retaining the ownership in himself, the latter case would be larceny, but the former would not. It was therefore uniformly held that if a person, through the fraudulent representations of another, delivered to him a chattel, intending to pass the property in it, the latter could not be indicted for larceny but only for obtaining the chattel under false pretences.

In Ross v. People (5 *Hill*, 294), a conviction for larceny was reversed because the goods were delivered by the owner with the intention to sell them; and so, having obtained them under a purchase, although by fraud and false pretences, the purchaser could not be convicted of larceny. The distinction was adhered to, although with reluctance, and in deference only to earlier cases. The doctrine then applied was laid down before the adoption of the Revised Statutes in Mowry v. Walsh (8 *Cow.* 238), and governed the courts of this state until the adoption of the Penal Code in 1881 (Bassett v. Spofford, 45 *N. Y.*; Zink v. People, 27 *Id.* 114; Thorne v. Turck, 94 *Id.* 90; People v. Morse, 99 *Id.* 662). And it is obvious that if these decisions apply neither the opening of the district attorney nor the evidence put in by him, gave even color to the support of the indictment, and it should not have been sustained. The indictment was for larceny as defined by common law, but concerning which, as above interpreted, no evidence was given, that crime, therefore, being left unproven, while the conviction was had upon proof of false representations, the making of which was not disclosed by the indictment; as to the act charged, there was no proof; as to the act proved, no allegations.

But the Penal Code recognized that the moral guilt of the two offences was the same, and swept away the theory by which the courts had felt constrained to distinguish them in principle.   By it larceny is so treated (chap. 4) as to include not only that offence as defined at common law, and by the Revised Statutes (2 *R. S.* 679, 690), but also embezzlement, obtaining property by false pretences, and felonious breach of trust.   We find in section 528 of that act certain acts enumerated, either one of which performed by any person with the intent to defraud the true owner of his property, or of its use or benefit, or to appropriate the same to the use of the taker or of any other person, makes him guilty of larceny, and he, in the language of the Code, " steals " such property.   The crime is committed when, with that intent, a person either, first, takes such property from the possession of the true owner, or of any other person ; or, second, obtains it from such person by color or aid of fraudulent or false representations or pretence, or of any false token or writing ; or, third, secretes withholds, or appropriates to his own use, or that of any other person other than the true owner, any money, personal property, thing in action, evidence of debt or contract, or articles of value of any kind.  . . .   The second or following subdivision takes in a person occupying a place of trust or holding a fiduciary or semi-fiduciary relation to another person, and who, under statutes, would have been guilty of embezzlement or breach of trust (2 *R. S.* 678, §§ 59, 60 ; *Laws of* 1865, chap. 720 ; *Laws of* 1864, chap. 965; *Laws of* 1873, chap. 688 ; *Laws of* 1874, chap. 207; *Laws of* 1877, chap. 208); and it declares that he, upon converting the property, also " steals such property and is guilty of larceny."   We see that there are at least four distinct and separate acts or ways by which a person may commit or be guilty of larceny.   The first embraces larceny as described at common law, and under the Revised Statutes (*supra*) ; the second embraces the offence

formerly known as obtaining property by false representations. In substance the defendant has been indicted for larceny in doing the first act, and has been convicted of larceny in doing the second. From what has already been said and the cases cited, it appears that, under the former system concerning crimes and punishments prevailing in this state, the conviction could not be sustained. The variance between the indictment and proof would be fatal. The respondent relies, however, upon the system introduced by the Code of Criminal Procedure (*Laws of* 1881, chap. 442 ; *Laws of* 1882, chap. 360). The statute abolishes all the forms of pleading before existing in criminal actions, and enacts that the forms of pleading and the rules by which their sufficiency shall be determined, are those prescribed therein (§ 273). It declares that on the part of the people the first pleading is the indictment (§ 274), and defines this pleading as an accusation in writing charging a person with a crime (§ 254). It must contain a plain and concise statement of the act constituting the crime, without unnecessary repetition (§ 275). The indictment, therefore, must charge the crime, and it must also state the act constituting the crime. The omission of either of these things would necessarily be fatal to the indictment. If there was no accusation of a crime, the paper, however formal in other respects, would not be an indictment, and so there would be no criminal action. If it contained no statement of the act constituting the crime, there would be no description of the offence, and neither an acquittal nor a conviction would enable the defendant to withstand a further prosecution for the same crime. Moreover, the plain words of the statute, as well as its object, would be disregarded ; for the manifest intention of the legislature in requiring the indictment to state the act constituting the crime was, among other things, that the accused should learn from it what he was called upon to defend. The form of the

indictment given in the Code (§ 276) leads to the same conclusion.

It provides in one sentence for a statement of the name of the crime as murder, larceny, etc., whereof the grand jury accuse the defendant, or, if it be a misdemeanor having no general name, such as libel, assault, etc., requires an insertion of a brief description of it as given by the statute, and then adds, " Here set forth the act charged as an offence." It provides also that "the indictment must charge but one crime and in one form, except where it may be committed by different means (§ 278), in which case the crime may be charged in separate counts to have been committed by different means (§ 279), and declares " the indictment sufficient if it can be understood therefrom that the act or omission charged as the crime is plainly and concisely set forth."

We see, therefore, that the indictment must name the crime and state the act constituting it, and if either one of several acts constitute the crime, the several acts must be separately stated in different counts. Can the indictment before us be supported as complying with these provisions? It consists of one count. It accuses the defendant of the crime of grand larceny in the first degree, and then states with sufficient conciseness an act constituting the crime by saying the defendant "unlawfully and feloniously did steal, take, and carry away " the property therein described. These words are to be construed in their usual acceptation in common language, except such as are defined by law, and those are to be construed according to their legal meaning (§ 282). Undoubtedly, under the Penal Code, the offence or crime charged is sufficiently made out by these averments. But the act described was not proven. There was neither expectation nor intention on the part of the plaintiff to prove it. This we know from the opening of the district attorney. The case he presented, and the evidence he offered, all tend to show that the defendant did not commit the

.act charged in the indictment, but did commit the act described in the second alternative of the statute, viz.: "Obtaining property from the possession of the true owner by color or aid of false representations or pretence, or a false token or writing." And such is the only claim now made by the learned district attorney. He says, in his printed points, given to us as an answer to the appeal : " On the trial it was proven that on the 3d day of February, 1885, the defendant obtained from Ilus F. Carter a quantity of carpets of the value of about $700 ; that he obtained such carpets by means of false and fraudulent representations."

The accused could not fail to understand, from the indictment, that he was charged with the crime of grand larceny. In that respect the Code was complied with. It stated, also, a particular act as constituting the crime. In that respect, also, the Code was complied with. The difficulty is that the act stated was not proven, and that the act proven was not stated. The objection that the proof varied from the crime charged in the indictment was, therefore, well taken. It related to substance and not form, and pointed to an imperfection which tended to prejudice the substantial rights of the defendant upon the merits. It must prevail.

The learned counsel for the respondent cites People *v.* Willett (102 *N. Y.* 251 ; 4 *N. Y. Crim. Rep.* 200), as substantially settling in his favor the present contention. In that case a very different case was involved, the sufficiency of an indictment upon demurrer. Here is a question of variance between the indictment and the proof. So far as the first involved the crime of larceny it was well charged ; and so it is in the case under consideration, but it remains unproven. The important difference between the former law and the present, so far as this case is concerned, is that the court is no longer called upon to decide whether an offence is larceny, embezzlement, or false pretences, nor is justice liable to be

defeated by too nice a discrimination. Each of these acts is larceny. But the general principle of pleading has not been substantially changed. Under either system an offence consists of certain acts done or omitted under certain circumstances, and under it any indictment sufficient which does not accurately and clearly allege all the ingredients of which the offence is composed, so as to bring the accused within the true meaning and intent of the statute defining the offence. Under the former, this end was secured by rules formulated and applied by the courts through long series of decisions; under the latter it is made imperative by the provisions of the statute.

In the case at bar the defendant was left uninformed of the real act committed by him and subjected to the charge of larceny for an act which he did not perform. The variance is fatal to the proceeding.

The judgment of the court below and the conviction should, therefore, be reversed and a new trial ordered.

All concur, except Ruger, Ch.J., not voting.

Judgment reversed.

Note.—The case of People v. Dumar is a leading one under the new criminal procedure. It has been frequently discussed and applied in later decisions. See the following citations : 48 *Hun*, 126, 200, 543; 57 *Id.* 370; 59 *Id.* 55, 111; 6 *N. Y. Crim. Rep.* 176, 270, 369; 7 *Id.* 97, 184; 14 *St. Rep.* 129; 16 *Id.* 18; 35 *Id.* 188, 933; 38 *Id.* 315; 39 *Id.* 760.