PEOPLE v. BOUGH.

(Supreme Court, General Term, First Department.    May 18, 1888.)

1. LARCENY—INDICTMENT AT COMMON LAW—PROOF.
    A conviction upon an indictment charging a common-law larceny cannot be sustained by proof justifying the finding of a verdict of larceny by false pretenses. Following People v. Dumar, 106 N. Y. 502, 13 N. E. Rep. 325.
2. SAME—BY FALSE PRETENSES—RELIANCE UPON DEFENDANT'S REPRESENTATIONS.
    A conviction of larceny by false pretenses cannot be sustained where there is no proof that any reliance was placed upon the representations made by defendant, or that any credit was given to him because of them.

Appeal from court of general sessions, New York county; FREDERICK SMYTH, Justice.

This was an indictment against John Bough, in the usual common-law form, for grand larceny in the first degree.    The evidence on the part of the people tended to show that the complaining witness, Richard J. Herbert, was a dealer in diamonds in the city of New York, and that the defendant was a broker; that on June 8, 1885, defendant came into Herbert's store, and Herbert showed him 10 diamonds, requesting him to take them to one Jacobs, and endeavor to sell them to him; that defendant, shortly afterwards, came back, and said that Jacobs would not purchase; that, on the 16th, he again came to complainant, saying he thought he had found a purchaser; complainant said he must have cash, as he had paid $502.50 duty on the diamonds; that the next day defendant returned, stating that he had sold the diamonds, and paid complainant the $502.50, and gave his (defendant's) notes for the balance of the price; that in fact defendant did not sell the diamonds at all, but pawned them for his own benefit.    He was convicted of grand larceny in the first degree, and appeals.

Argued before VAN BRUNT, P. J., and DANIELS and BARTLETT, JJ.

Maurice Meyer and Abraham Suydam, for appellant.    John R. Fellows, (W. I. Jerome, of counsel,) for the People.

VAN BRUNT, P. J.    The appellant was indicted in the court of general sessions, in the usual common-law form, for grand larceny.    It appears,

upon an examination of the charge of the learned court, that the case was submitted to the jury as one of false pretenses; and the only question submitted to them for their consideration was whether the defendant had obtained from the complainant the possession of his property by color or aid of false and fraudulent representations, and with the felonious intent of appropriating the property, after he had so obtained the possession of it, to his own use, and deprived the complainant permanently of its possession. Under the principles stated in the case of *People* v. *Dumar*, 106 N. Y. 502, 13 N. E. Rep. 325, a conviction upon an indictment charging a common-law larceny cannot be sustained by proof justifying the finding of a verdict of larceny by false pretenses. The case in question expressly decides that, under a common-law indictment for grand larceny, such indictment cannot be sustained by proof that the defendant obtained possession of the property from the owner by false and fraudulent representations. But the difficulty with the judgment in the case under discussion lies deeper than this, in that the proof seems to be defective in establishing any grade of larceny whatever. Whatever the representations made by the defendant may have been, there is no proof that any reliance was placed upon these representations, or any credit given to the defendant because thereof. The proposed customer was not named, no statements as to his responsibility were made, and consequently the credit which was extended to the defendant was in no degree influenced by reason of these representations. The goods were delivered to the defendant upon his own credit, whatever was given to any other person in respect thereto. Under these circumstances, it cannot be said that any of the representations which were made by the defendant in respect to his having a customer could have had any influence upon the mind of the seller of the goods. We think, therefore, that the proof was substantially defective, in not showing that the credit to the defendant was induced by reason of representations as to the solvency or character of the pretended purchaser. The seller of the goods received all the security which he asked for, and in regard to the value of that security no representations whatever were made. We think, therefore, that the conviction should be reversed, and a new trial ordered.

BARTLETT and DANIELS, JJ., concur.