(38 Misc. Rep. 89.)

### PEOPLE v. DILCHER.

#### (Supreme Court, Special Term, Erie County. May, 1902.)

LARCENY—INDICTMENT—SUFFICIENCY.

    An indictment for larceny at common law is insufficient which alleges that defendant made a check on his bank, payable to the city treasurer; that the latter indorsed the check, and presented it to his paying teller in the city office, and obtained through the city money which was in his lawful possession as such treasurer, and gave the money to the defendant; and that the check was never paid; and that defendant knew that there was no money in the bank to meet the check, and intended to defraud the city thereby,—in not alleging that the money was taken against the will of the person in lawful possession of it.

Charles W. Dilcher was convicted of larceny in the first degree. Motion to dismiss on minutes of the grand jury. Dismissed.

John F. McGee, for the motion.
Frederick Haller, opposed.

KENEFICK, J. The indictment charges the defendant with the commission of the crime of grand larceny in the first degree. The evidence upon which it is based shows that the defendant obtained the money under the following circumstances: The defendant made a check for $8,000 on the Metropolitan Bank of Buffalo, payable to the order of Philip Gerst, treasurer, the latter being then the city treasurer of said city. Gerst indorsed the check, and, accompanied by the defendant, presented it to the paying teller in the office of the city treasurer, and obtained from him the sum named therein of the funds of the city, and then and there turned over the money to the defendant. The check was placed in the teller's drawer, and was never presented for payment to the bank, and was never paid. The defendant knew he did not have anywhere near sufficient funds to his credit in the bank to pay the check, but the president of the bank, who was his father, had a short time before promised him that the bank would discount his paper, and transfer to his account an amount sufficient to meet such a check should one be presented. Assuming for the purpose of this decision—and what is hereafter said is based on such assumption—that the evi-

dence warrants the inference that the defendant knew he was not entitled to draw on the bank for the amount of this check, and that he intended by this transaction to deprive and defraud the city of its property, and to appropriate it to his own use, the question presented is whether these facts warrant an indictment in the form here presented. There are two aspects which may be taken of Gerst's part in the transaction. Either he parted with the money knowing that the check was worthless, and intending wrongfully to appropriate the money to the defendant's use, which would render him guilty of larceny under the Penal Code (section 528), or his consent to turn over the money to the defendant was induced by the false representation; implied by the giving of the check, that the defendant was entitled to draw on the bank for the amount of it, in which aspect he would not be guilty of larceny, at least under the Penal Code. From either view the defendant is indictable for larceny, because in the one case he aided and abetted Gerst in the misappropriation of the money (Pen. Code, §§ 29, 528), or, in the other, he induced Gerst to part with the money by means of the false representation that the check was good for the amount named therein (Id. § 529). The question recurs, however, as to whether either aspect of the transaction will sustain the indictment as framed. To constitute larceny at common law, there must have been a taking of personal property against the will of the owner or of the person having lawful possession thereof, and this indictment in the usual common-law form charges such a taking. The evidence, however, indicates that Gerst had lawful possession of the money in his capacity as treasurer, and that, instead of being taken from him against his will, he delivered the money to the defendant, induced thereto either by a criminal design to deprive the city of its money, or by the false representation of the defendant contained in the check. The act charged is common-law larceny; the act proven is either embezzlement or false pretenses, as these offenses were known prior to the adoption of the Penal Code. It is true that these offenses are now embraced in the definition of larceny (section 528, Pen. Code), but since that enactment the court of appeals has laid down the rule that an indictment alleging a common-law larceny cannot be sustained by proof of an act which was not larceny at common law, but which constituted the statutory offense of embezzlement or of false pretenses. People v. Dumar, 106 N. Y. 502, 13 N. E. 325. The principle enunciated in that case has been steadily adhered to by that court in a long line of subsequent decisions. It is evident from the argument of counsel for the people that this indictment was framed upon the assumption that Gerst was not deceived by the check, but that there was a common design between him and the defendant to defraud the city of its money. Accepting this view of the transaction, then Gerst's act was not larceny at common law, because he was charged not merely with the custody, but with the possession and administration, of the money. I have yet to find any authority holding that the misappropriation of public funds by a public officer was larceny at common law. To reach this class of offenders the crime of embezzlement was cre-

ated by statute in England, and subsequently in this state. Laws 1874, c. 207.

It is urged, however, that while this may be conceded as to Gerst, it has no application to the defendant, who was not an officer of the city and not intrusted by the city with its funds. But the money was delivered to him by Gerst, who had the lawful possession, so that there was no trespass in the original taking, which, as we have seen, was an essential feature of larceny at common law. It would not be quite logical to say that the defendant was indictable under such circumstances for larceny at common law, while Gerst, who misappropriated the funds, and voluntarily gave them to the defendant, was innocent of such an offense. Very early in the history of this state the following statute was enacted:

"Every person who shall buy, or in any way receive any money, goods, right in action, or any valuable security or effects whatever, knowing the same to have been embezzled, taken or secreted, contrary to the provisions of the two last sections (defining embezzlement), shall, upon conviction, be punished in the same manner and to the same extent, as therein prescribed upon a conviction of a servant for such embezzlement." 2 Rev. St. (1st Ed.) p. 678, § 61.

This provision remained a part of the statute law of the state until the adoption of the Penal Code. 3 Rev. St. (7th Ed.) p. 2495, § 61. The existence of such a statute is very cogent evidence that the receiver of embezzled property was not punishable for larceny at common law, else what need for the statute. The rule of the common law which required a trespass to accomplish the crime of larceny is not founded on any very satisfactory basis. The moral guilt of the embezzler, or of him who acquired the property by false pretenses, was fully as great as the thief who committed a trespass in acquiring the property. When we recall, however, that at common law larceny was punishable by death, something may be pardoned to the legal ingenuity which narrowed the class of cases visited by such an extreme penalty. This indictment alleges an act which constitutes a common-law larceny. The act proven by the evidence, assuming the most favorable inferences for the prosecution, is either that the defendant aided and abetted Gerst in this embezzlement of the money, or that he induced Gerst to deliver the money to him by means of the false pretense contained in the check. Thus the act proven is not the act charged, and the variance is fatal to the indictment. People v. Dumar, supra. As this decision is based upon the form in which the act proven is pleaded in the indictment, rather than upon the merits of the case, the district attorney is directed to present the evidence herein to the next grand jury convened in this court for such action as it deems warranted by the evidence presented. An order may be entered accordingly dismissing this indictment, and directing a resubmission of the case to the next grand jury.

Indictment dismissed.