PEOPLE v. HENRY.

(Supreme Court, Appellate Division, First Department. July 8, 1908.)

1. CRIMINAL LAW—APPEAL AND ERROR.

On appeal from a judgment of conviction the court will consider only the indictment and the evidence in support of it given on the trial, and will not consider as evidence allegations contained in affidavits on which a motion for a new trial was made.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Criminal Law, §§ 2986–2988.]

2. LARCENY—INDICTMENT—SUFFICIENCY.

Where the evidence tended to show that defendant and his confederates used a trick and device to induce complainant to produce his money and intrust it to them for counting, that in so intrusting it complainant had no intention of parting with the money absolutely, and that defendant and his confederates obtained possession of the money with an animus furandi and then stole it, an indictment in the common-law form charging defendant with feloniously taking vi et armis the money was sufficient.

3. CRIMINAL LAW—NEW TRIAL—NEWLY DISCOVERED EVIDENCE.

To justify the granting of a new trial for newly discovered evidence it must appear, inter alia, that the evidence, if received at the trial, would probably have changed the verdict, and to so appear the evidence must bear on its face such marks of credibility that a jury would be justified in believing it.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Criminal Law, §§ 2335, 2336.]

4. SAME.

In a prosecution for larceny, certain alleged newly discovered evidence held to bear such marks of incredibility as to warrant the denial of defendant's motion for a new trial.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Criminal Law, § 2335.]

Appeal from Court of Special Sessions.

Walter Henry, alias William Hart, was convicted of grand larceny. From the judgment, and from an order denying motion for a new trial, he appeals. Affirmed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

William F. S. Hart, for appellant.
Alexander A. Mayper, for respondent.

PER CURIAM. The defendant was convicted in June, 1907, of grand larceny, and now appeals both from the judgment of conviction,

and from an order, made in October, 1907, denying his motion for a new trial on the ground of newly discovered evidence. The conviction was had on the evidence of one Joseph Newman, the complaining witness, and of a policeman. The defendant did not testify in his own behalf and called no witnesses. The evidence was to the effect that the defendant and certain confederates induced Newman, by an appeal to his cupidity and credulity, to produce for their inspection the sum of $1,000 in bills, and, having obtained possession of the money for the avowed purpose of counting it, ran away with it. The evidence was sufficient to justify a finding that the defendant and his confederates acted in concert, both in tricking the complainant into producing and showing his money and in stealing it. The indictment is in the common-law form, charging the defendant with feloniously taking vi et armis the money of the complainant. The counsel for the appellant now urges that the proof and the indictment are at fatal variance, because the offense committed by defendant, if any, was an obtaining of money by trick and device, and not a common-law larceny.

In making this point the counsel has put himself and the court to unnecessary trouble by stating, as if it were a part of the evidence on the trial, the allegations contained in the affidavits upon which the motion for a new trial was made. Of course, upon the appeal from the judgment, we have to consider only the indictment and the evidence in support of it given upon the trial. That evidence tended to show that defendant and his confederates used a trick and device to induce the complainant to produce his money and intrust it to them for counting; that in so intrusting it to defendant and his confederates the complainant had no intention of parting with his money absolutely, but merely to put it in defendant's possession temporarily and for a specific purpose; and that defendant and his confederates obtained the possession of the money with an animus furandi, and then stole it. Under such circumstances it has been frequently held that an indictment in the common-law form is good. People v. McDonald, 43 N. Y. 61; Smith v. People, 53 N. Y. 111, 13 Am. Rep. 474; Loomis v. People, 67 N. Y. 322, 23 Am. Rep. 123; People v. Morse, 99 N. Y. 662, 2 N. E. 45; People v. Miller, 169 N. Y. 339, 62 N. E. 418, 88 Am. St. Rep. 546. We find, therefore, no error in the judgment.

The motion for a new trial is based upon affidavits made by two persons of somewhat unsavory antecedents, who undertake to swear that they saw the complainant in a pool game with defendant and a third man, in which each player staked $1,000, which the defendant won. Their stories show palpable signs of bungling contrivance. Each one had, as he says, read over the evidence on the trial, and the idea of a pool game was apparently suggested, because the trick by which the complainant was induced to go to his bank for, and to produce, the $1,000, was a pretended pool game in which the complainant was made to believe that he had won a large sum of money, which would be paid to him if he could show that he had enough money to pay with if he had lost—a trick apparently quite familiar to the two affiants in favor of a new trial. These affiants, however, in their desire to show how accurately they recollect the game at which they say that they saw the

complainant lose his money, give the hour at which it was played, which, as they make it, was about an hour later than the complainant had made his complaint at the police station. They also say that they saw the complainant sign a paper just before beginning the game, while on the trial it was insisted on behalf of the defendant and attempted to be shown by cross-examination of the complainant that the paper had been signed the day before, and they quite omit to account for a significant note, written by defendant, which formed an important piece of evidence on the trial, but which had not been incorporated in full in the stenographer's minutes.

To justify the granting of a new trial upon the ground of newly discovered evidence it must appear, inter alia, that the evidence, if received at the trial, would probably have changed the verdict. To so appear the evidence must bear upon its face such marks of credibility that a jury would be justified in believing it. Where, as in the present case, it bears unmistakable marks of incredibility, the motion should not prevail.

The judgment and orders appealed from are affirmed.