### PEOPLE v. QUARTARARO.

(Supreme Court, Special Term, Kings County.    March 6, 1912.)

1. INDICTMENT AND INFORMATION (§§ 93, 59, 73*)—REQUISITES—DESIGNATION OF OFFENSE.

Under Code Cr. Proc. §§ 275, 276, requiring an indictment to set forth the crime charged, and a plain and concise statement of the acts constituting it, an indictment which charges a crime, but not the acts constituting it, or which states the acts, without alleging the crime charged, is bad, or if it charges one crime, and the facts alleged show commission of another offense, it is defective.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 266, 180, 181, 200, 201; Dec. Dig. §§ 93, 59, 73.*]

2. POISONS (§ 9*)—INDICTMENT—SUFFICIENCY.

An indictment is bad which charges a crime under Penal Law (Consol. Laws 1909, c. 40) § 1752, which makes it a felony for one other than a physician to have in his possession any narcotic capable of producing a stupor or unconsciousness, with intent to administer the same to another without the latter's consent, but states acts constituting an offense under section 1746, for attempting to sell cocaine without a written prescription of a duly licensed physician.

[Ed. Note.—For other cases, see Poisons, Cent. Dig. § 6; Dec. Dig. § 9.*]

3. HABEAS CORPUS (§ 25*)—WHEN WRIT LIES.

One confined under a final judgment of a criminal court of record cannot be discharged upon a writ of habeas corpus, unless that court had no jurisdiction to impose the sentence inflicted.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 21; Dec. Dig. § 25.*]

4. POISONS (§ 9*)—ATTEMPTED OFFENSE—PUNISHMENT.

Under Penal Law (Consol. Laws 1909, c. 40) § 261, limiting punishment for an attempt to commit an offense to one-half of the maximum punishment for a completed offense, and under a plea of guilty to an indictment charging a crime under Penal Law, § 1752, which makes it a felony punishable by 10 years imprisonment for one other than a physician to have in his possession any narcotic capable of producing stupor or unconsciousness with intent to administer to another without the latter's consent, but stating facts showing an attempt to commit an offense under section 1746, which makes it a crime punishable by imprisonment for not more than 1 year to sell cocaine, except upon written prescription of a duly licensed physician, the court could not impose a sentence of 11 months and 29 days, since the plea of guilty must be deemed to be a plea to the charge of an attempt to violate section 1746.

[Ed. Note.—For other cases, see Poisons, Cent. Dig. § 6; Dec. Dig. § 9.*]

5. HABEAS CORPUS (§ 109*)—EXCESSIVE SENTENCE.

One who has pleaded guilty to an indictment, but upon whom has been imposed an excessive sentence, is not entitled to a discharge on habeas corpus; he being properly remanded for resentence, subject to his right to move for an arrest of judgment and for his discharge.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. §§ 97, 98; Dec. Dig. § 109.*]

Philip Quartararo, having been convicted of an offense, applies for a writ of habeas corpus.    Prisoner remanded.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

James C. Cropsey, Dist. Atty., for the People.
Jacob M. Kornfeld, for defendant.

CRANE, J. [1] The indictment must set forth the crime charged, and also a plain and concise statement of the acts constituting the crime, without unnecessary repetition. Code of Criminal Procedure, §§ 275, 276. An indictment which alleged a crime, but did not state the acts constituting that crime, would be bad. Likewise an indictment which stated the acts, without alleging the crime charged against the defendant, would also be bad. Further, if the indictment charged one crime, and the facts alleged showed that not that crime, but some other, had been committed, here, also, the indictment would be defective, as the indictment must not only charge a crime, but allege the acts constituting the crime charged. People v. Dumar, 106 N. Y. 502, 13 N. E. 325; People v. Stark, 136 N. Y. 538, 32 N. E. 1046; People v. Klipfel, 160 N. Y. 371, 54 N. E. 788; People v. Kane, 161 N. Y. 380, 55 N. E. 946; People v. Corbalis, 178 N. Y. 516, 71 N. E. 106. In the latter case, although the indictment charged a crime, it was held bad, as it did not contain a statement of the acts showing the commission of the crime charged, but in place thereof a recital of the statutes violated, in the words of the statute.

[2] The indictment in this case is clearly bad, in that it charges the defendant with a crime punishable with ten years in state's prison; whereas, the acts alleged to constitute the crime show the commission of an entirely distinct offense, punishable by a one-year term. Sections 1746 and 1752 of the Penal Law (Consol. Laws 1909, c. 40) define separate and distinct crimes in no way connected. Section 1746 makes it a crime punishable by imprisonment for not more than one year for any person to sell cocaine, except upon written prescription of a duly licensed physician. Section 1752 makes it a felony punishable by imprisonment for not more than ten years for a person other than a physician to have in his possession any narcotic capable of producing stupor or unconsciousness, with intent to administer the same to another without the latter's consent.

To constitute an offense under this latter section (1752), certain things must be alleged: (1) That the defendant was not a duly licensed physician; (2) possession of a narcotic capable of producing stupor or unconsciousness; (3) an intent to administer the same to another without the latter's consent. The indictment against Philip Quartararo charges him with the crime under this section (1752) of "unlawful possession of cocaine"; but in the statement of the acts constituting the offense it is not alleged that cocaine is a narcotic or compound capable of producing stupor or unconsciousness, non constat but that the quantity of cocaine in his possession (even assuming that the court took judicial notice of the properties of the substance, which I doubt) would not produce stupor or unconsciousness. Neither do the facts state that the possession was with intent to administer the same to another without the latter's consent.

What is set forth in the alleged acts constituting the crime is an offense under the other section (1746), in that the defendant, on a

certain day, had cocaine in his possession with intent to sell to divers persons unknown, without the written prescription of a duly registered physician therefor.   Under the cases above cited and the sections of the Criminal Code, this indictment was clearly bad, and a demurrer thereto would have been sustained, or a motion in arrest of judgment doubtless would have been granted.

The defendant pleaded guilty before the County Court under this indictment on December 21, 1911, but to which of the crimes he pleaded no one can tell from the record, as the plea was "guilty." He was sentenced to 11 months and 29 days in the penitentiary, where he now is.   This writ of habeas corpus has been obtained, in order that this court may discharge him from an illegal detention.

[3] He is confined under the final judgment of a criminal court of record, and cannot be discharged upon a writ of habeas corpus, unless that court had no jurisdiction, or no power to impose the sentence inflicted.   People ex rel. Tweed v. Liscomb, 60 N. Y. 559, 19 Am. Rep. 211; People ex rel. Frey v. Warden, 100 N. Y. 20, 2 N. E. 870; People ex rel. Scharff v. Frost, 198 N. Y. 116, 91 N. E. 376, 139 Am. St. Rep. 801.   As the County Court had jurisdiction of the defendant, and jurisdiction of both offenses stated in the indictment, and is presumed, in sentencing, to have passed upon the form and sufficiency of the indictment, I doubt whether this court has power to discharge the prisoner on this writ, because that indictment does not set forth a crime in accordance with the Criminal Code.   People ex rel. Schneider v. Hayes, 108 App. Div. 6, 95 N. Y. Supp. 471.

[4] But it is unnecessary for me to pass further upon this point, as the County Court had no power to impose the sentence which it did impose upon the defendant.   The indictment charged the crime of possessing narcotics, and the facts constituting the crime alleged an attempt to sell cocaine without a doctor's prescription; that is, the crime was alleged as a violation of section 1752, and the acts alleged showed an attempt to violate section 1746.   When the defendant pleaded guilty, he pleaded to the acts or facts set forth in the indictment, and that was an attempt to sell without a doctor's prescription.   It will be noticed that section 1746 makes the penalty not to exceed one year of imprisonment for a *sale* of cocaine without a doctor's prescription.   The indictment does not allege that the defendant sold any cocaine, but that he *attempted to sell.*   He was only charged in the indictment with an attempt to violate section 1746, not with a violation thereof, and therefore, with his plea of guilty, could only have been sentenced to one-half the maximum punishment, or 6 months imprisonment.   Section 261, Penal Law.   The court had no power to impose a term of 11 months and 29 days for an attempt to sell without a prescription.

There is no doubt that these matters were not called to the attention of the county judge, as no demurrer was interposed, and no motion made in arrest of judgment; the defendant merely withdrawing his plea of not guilty and pleading guilty.   When the judge came to sentence, he evidently saw by the indictment that the defendant was charged with having the unlawful possession of cocaine, and im-

posed the one-year sentence under section 1752, making such an offense punishable in state's prison for not more than 10 years; but, as above stated, this was not the crime to which the defendant pleaded guilty, as the plea was a confession of the acts charged, and the acts charged made an offense under section 1746. The judge, therefore, had no power to impose the sentence authorized by section 1752 for an offense committed under section 1746.

[5] Therefore the prisoner is detained under a judgment which the County Court had no power to impose. However, he cannot be discharged, as the indictment alleges a crime under section 1746, and he has pleaded guilty thereto. I therefore direct that he be taken before the County Court for resentence in accordance with the law as above stated.

If no judgment has been entered, for the reason that the judgment already imposed was unauthorized by law, the defendant, I take it, may move for an arrest of judgment, and for his discharge, in which case all of these defects in the indictment will be brought to the attention of the County Court. If the County Court does not grant the motion and dismiss the defendant, he may appeal from the judgment to the Appellate Division, when these matters can properly be reviewed. Even if the county judge, in denying the motion to arrest judgment, should impose sentence, he no doubt will take into consideration the 3 months which defendant has already spent in jail.

When the defendant thus moves in arrest of judgment, many other defects will also appear in this very carelessly drawn indictment. Sections 1752 and 1746 have been jumbled together by the pleader. The indictment alleges that the defendant, not being a licensed pharmacist, druggist, physician, veterinarian, or dentist, attempted to sell cocaine; whereas, section 1746 permits anybody to sell it upon the prescription of a duly registered physician, or permits wholesalers to sell it upon the written order of a pharmacist, druggist, physician, veterinarian, or dentist. In the unnecessary and improper verbiage used in the indictment, it also alleges that the defendant, not being a wholesaler, attempted to sell cocaine without a certificate, stating the name and address of the persons selling and furnishing the same. There is nothing in the statute which requires any such certificate, or even mentions one.

Again, on a motion in arrest of judgment, the impropriety of permitting the defendant to plead to such an indictment would at once become apparent. If he should plead former conviction upon a subsequent indictment, what has he been previously convicted of under his plea—unlawful possession or unlawful selling? Such an indictment should not stand.

Rather, therefore, than discharge the prisoner on this writ, I shall remand him to the County Court for sentence *as though no judgment* had been entered on his plea, and the County Court can then impose a proper sentence under section 1746 of the Penal Law for an attempt to sell cocaine, or else, upon defendant's motion to arrest judgment, may discharge him from custody altogether.