(162 App. Div. 181)

PEOPLE v. STREICHER et al.    (No. 5677.)

(Supreme Court, Appellate Division, First Department.    May 1, 1914.)

FALSE PRETENSES (§ 38*)—PROOF.

To sustain a conviction for petit larceny by means of false pretenses by inducing the complaining witness to advance $25 upon the security of two earrings falsely represented to be worth $400, when they were not worth even $25, the state must prove the value of the earrings in order to prove the falsity of the representations.

[Ed. Note.—For other cases, see False Pretenses, Cent. Dig. §§ 50-53; Dec. Dig. § 38.*]

Appeal from Trial Term, New York County.

Louis Streicher and another were convicted of petit larceny, and appeal from the judgment of conviction. Reversed, and new trial granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and DOWLING, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

K. Henry Rosenberg, of New York City, for appellants.
George Z. Medalie, of New York City, for the People.

SCOTT, J. The defendants were convicted in the Court of Special Sessions of the crime of petit larceny by means of false pretenses; the claim being that they had induced the complaining witness, an apparently ignorant · woman, to advance $25 upon the security of two earrings which they falsely and fraudulently represented to be worth $400, whereas in fact and truth the said earrings were not worth $400 or even $25.

The representations were fully proven, and the earrings were produced in court; but no evidence whatever was given as to their value. The crime therefore was not proven, for it was essential in order to establish it that the people should show, not only the making of the representations, but their falsity. The objection was timely made by the defendants' counsel, but was overruled and ignored by the court.

It may be that the defendants were guilty, as the district attorney insists; but to justify their conviction it was essential that some proof should be given of each essential element going to constitute the crime for which they were tried. This was not done.

The judgment of conviction must. therefore be reversed, and a new trial granted. All concur.