THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* THOMAS BRADY, Defendant.

Court of Special Sessions, City of New York, Part III, Queens County, March 17, 1931.

*John W. McClancy, Assistant District Attorney*, for the plaintiff.

*Stephen F. Burkard*, for the defendant.

FRESCHI, J.   There are two counts in the information here, both charging the larceny of seventy-five dollars on November 25, 1930. The first count charges the stealing of said money by means of false representations and pretenses by the defendant who obtained it with intent to defraud the true owner by falsely representing that he knew one Philip Marx, a policeman, who had arrested complainant for a violation of the National Prohibition Act, and that he could and would arrange with said Marx to have the said charge dismissed in the Federal court.   In support of this allegation, the People's testimony establishes that the complainant received a telephone call from an unknown person who said to him that he " knew the officer and that for the sum of $75 they would fix it up; " and added: " I will send a friend of mine down " for the money. Thereafter the defendant appeared at complainant's place of business and said: " I am here on that telephone conversation that the fellow called you up on.   Have you got the envelope," showing at the same time a fireman's shield as a means of identification, and was thereupon given the money by complainant.   Two representations were included in the statement made by the stranger through the telephone.   One was as to the acquaintance with and actually knowing the officer who had charge of the Volstead Act violation case in the Federal court, and the other representation deals with a mere promise to do something in the future, namely, the " fixing " of a criminal prosecution.   The only representation as to an existing fact referred to in the complaint, upon which the larceny is predicated in the first count, is the knowing of Police Officer Philip Marx in connection with the purposes set forth in the first count of the information.   The People must show not only the making of the representation but also its falsity.   Proof must be given of each essential element to justify a conviction.   (*People v. Streicher*, 162 App. Div. 181.)   No witness has been produced to establish whether or not such a police officer or any other person by the name of Philip Marx exists; and, if such a person be in existence, whether the defendant knew him as a fact.   Failure to produce such evidence is fatal.   We have no proof whatsoever that this was a fraudulent endeavor.   The property in question was not obtained by force or fear; and it is clear that the consent of the complainant was obtained by certain representations claimed to be false.   He parted with and intended to transfer not alone the possession but also the title to the money that was taken. Something more than mere use or possession of the money passed here.   Bishop in his work on Criminal Law ([9th ed.] vol. 2, p. 624) says: " When, though there is a trick, the parting with the ownership is intended to be absolute and entire, the offense is not larceny."

(See, also, *People* v. *Noblett*, 244 N. Y. 355; *People* v. *Majorana*, 155 App. Div. 431.) Furthermore, a mere promise to do something in the future is not enough upon which to base a larceny charge. Mere words, promises and lies are not enough. (Bishop Crim. Law [9th ed.], vol. 2, § 145.) So far as we know, the defendant did not call himself by a false name, or utter a lie, nor did he represent himself as another; and he is not accused of obtaining this money by a false token or device. (See Bishop Crim. Law [9th ed.] vol. 2, § 141, p. 105, chapter on " Cheats at Common Law.") These are the reasons for dismissing the first count at the trial herein.

Under the second count, which charges simple larceny in the common-law form, there must be proof that the money was taken against the will of the owner — a felonious taking *vi et armis*. Instead, the district attorney has attempted to show that the complainant delivered the money to the defendant, induced thereto either by a criminal design to deprive the complainant of his property or by the alleged false representations in the first count. There was no trespass here. The owner parted with his money willingly and voluntarily, but it is claimed that the accused used a trick to obtain the money with intent to appropriate it to his own use. The act charged in the common-law larceny count in taking property against the will of the owner cannot be sustained by proof of the statutory offense of false pretenses. (See *People* v. *Dilcher*, 38 Misc. 89, 91; *People* v. *Hart*, 35 id. 182; *People* v. *Brenneauer*, 101 id. 156, 162; *People* v. *Dumar*, 106 N. Y. 502; *People* v. *Miller*, 169 id. 339, 351.)

" The offense of larceny at common law is established by proof on the part of the prosecution showing that the defendant obtained possession of the property by some trick, fraudulent device or artifice, *animo furandi*, with the intention at the time of subsequently appropriating it to his own use." (*People* v. *Miller*, 169 N. Y. 339, 350.) (See *People* v. *Henry*, 127 App. Div. 489; *People* v. *Laurence*, 137 N. Y. 517.)

Larceny presupposes the unlawful and willful taking of property from another without his consent. This is exactly what the second count charges here. Unless the district attorney proves beyond a reasonable doubt the trick used by the accused in this case as a means to obtain the possession, not to say the owner's title in and to the money, it cannot be said that the defendant obtained it criminally. The district attorney argues that the seventy-five dollars was delivered by the complainant to the defendant, not with intent of giving title thereto, but merely to give temporary possession of the alleged stolen property for the purpose of entrapping the defendant and causing his arrest for larceny of the money, confident

of its return by the police after the culprit's apprehension, since the complainant was all the time aware of the nature of the trick being played by the defendant. But, aside from the complainant's testimony to the contrary, it seems that the weakness of this contention lies in the fact that it is predicated upon premises which have not been proven; in other words, in order to establish the trick, it is necessary to show that the pretenses in the first count of the information are false in fact, because out of such transaction the second count developed, if at all. It follows that if there were no false pretenses here it cannot be said with any show of reason or logic that there was a trick in its legalistic sense, and, therefore, the second count must fall. Perhaps the defendant committed some other crime under these circumstances, but certainly not larceny in the light of the actual evidence submitted, which falls far short of the important allegations of the information. The defendant should be acquitted.

CALDWELL, J. Whether the court would have made the same decision if the alleged arresting police officer had been called as a witness, I cannot say. We do not know what he would have testified to.

DIRENZO, P. J. The defendant is acquitted.

Present — DIRENZO. P. J., and FRESCHI and CALDWELL, JJ.