THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* RAYMOND NEWMAN, Defendant.

County Court, Jefferson County, September 26, 1931.

*Howard B. Donaldson, District Attorney* [*Carl J. Hynes, Assistant District Attorney*, of counsel], for the People.

*Giles & Fuller*, for the defendant.

KIMBALL, J. At the January term of the grand jury of Jefferson county, the defendant, Raymond Newman, was indicted for the crime of " Petit Larceny, second offense." The indictment is in the usual form and charges the defendant with stealing the sum

of nineteen dollars and eighty-five cents on the 24th of November, 1928, and further alleges two previous convictions of petit larceny, one in 1923 and one in 1928.

The defendant was not apprehended for some time, and when arraigned a demurrer was interposed to the indictment on the grounds:

(1) That the grand jury by which it was found had no legal authority to inquire into the crime charged;

(2) That the indictment does not conform substantially to the requirements of sections 275 and 276 of the Code of Criminal Procedure, and

(3) That the facts stated in the indictment do not constitute a crime over which the grand jury had any jurisdiction.

There seem to be three questions presented for determination. The first is what if any crime has been charged in the indictment. The second is, if a crime has been charged in the indictment, did the grand jury have authority and jurisdiction to indict for the same. The third is whether the proper relief is by demurrer to the indictment. The determination of these three questions is not without difficulty.

What, if any, crime has been charged? The indictment reads, " Petit Larceny, second offense." It then sets forth a statement of the act constituting the crime of petit larceny on the 24th day of November, 1928. This statement is followed by the allegation of two prior convictions for petit larceny.

It is familiar law that under sections 275 and 276 of the Code of Criminal Procedure, the indictment must charge the crime and also the act constituting it. The omission of either would be fatal to the indictment. (*People* v. *Dumar*, 106 N. Y. 502.)

There is no statute defining the crime of " Petit larceny, second offense." Prior to the amendment of section 1941 of the Penal Law in 1920, it was provided that a greater punishment should be meted out to a person convicted of a crime after a prior conviction of petit larceny, and section 56 of the Code of Criminal Procedure then as now provided that Courts of Special Sessions should have exclusive jurisdiction to hear and determine a charge of petit larceny, charged as a first offense. When section 1941 of the Penal Law was amended in 1920 the words " Petit larceny " were omitted. As the law now stands, therefore, there seems to be no more authority for charging a person with " petit larceny, second offense," than " third degree assault, second offense," or charging a person with any misdemeanor, second offense. I hold that there is no crime known as " petit larceny, second offense," and that if any crime is properly charged in the indictment, it is simply petit larceny.

It is true that section 56 of the Code of Criminal Procedure still provides that Courts of Special Sessions shall have exclusive jurisdiction of petit larceny, *charged as a first offense.* However, there is now no authority for charging petit larceny except as a first offense, and undoubtedly the wording of section 56 was overlooked when the Legislature changed section 1941 of the Penal Law.

If, therefore, any crime is charged in the indictment, it is simply petit larceny and is within the exclusive jurisdiction of a Court of Special Sessions to hear and determine. I hold that the crime, if any, charged in this indictment cannot be prosecuted by indictment of a grand jury and that the grand jury had no jurisdiction to find the indictment.

The last question is whether a demurrer lies to this indictment. Under section 323 of the Code of Criminal Procedure the defendant may demur to the indictment in the following cases, among others, when it appears upon the face thereof:

(1) " That the grand jury, by which it was found, had no legal authority to inquire into the crime charged, by reason of its not being within the local jurisdiction of the county," and

(2) " That the facts stated do not constitute a crime."

It is true that, in this case, the crime charged was " within the local jurisdiction of the county," and it may be true that the facts stated in the indictment constitute the crime of petit larceny. In either case, it may be said that a demurrer would not lie.

I think the opinion of Judge O'BRIEN in *People* v. *Knatt* (156 N. Y. 302) is authority on this question, although, in that case, some of the other members of the court did not agree with him. He said: " It was always the law that a general demurrer to an indictment brought the whole record before the court and the inquiry was then open whether the court in which the indictment was found had jurisdiction " and " Therefore, in every inquiry, whether the paper before the court is an indictment at all, in the legal sense, or whether it charges a crime which the accused is required to answer, there must necessarily be involved the question of the jurisdiction of the grand jury. The scope and effect of a general demurrer at common law has not been changed by the Code, unless it be to enlarge it."

The language used in the demurrer here raises the question of jurisdiction of the grand jury. The grand jury had no jurisdiction to indict for the crime of petit larceny. Courts of Special Sessions alone have jurisdiction of that crime. To hold that the question of jurisdiction of the grand jury cannot be raised by demurrer would lead to an absurd result. An accused would then be obliged to plead and, having pleaded not guilty, stand trial. If then

convicted, he could move in arrest of judgment, on the ground of lack of jurisdiction. It cannot be possible that a defendant, desiring to raise the question of jurisdiction, must wait until he has been convicted before doing so.

If this question has not been settled by the decision in *People* v. *Knatt* (*supra*), then, pending an amendment to section 323 of the Code of Criminal Procedure, I prefer to follow the opinion of Judge O'BRIEN, holding that, in spite of the wording of section 323, the question of jurisdiction may be raised by a general demurrer.

The demurrer is sustained and the defendant discharged.