THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* WILLIAM CUSICK, Defendant.

Supreme Court, Nassau County, February 19, 1938.

Edward J. Neary, District Attorney [Philip Huntington, Assistant District Attorney, of counsel], for the plaintiff.

Thomas R. Fay, for the defendant.

CUFF, J. This is an application for a certificate of reasonable doubt. The defendant was convicted of second degree assault. The point raised by the defendant's attorney is that there was a variance between the charge in the indictment and the proof offered to support it. The indictment charging " assault in the first degree " pleads an assault in that defendant " did strike, beat, stab, cut, bruise and wound," and the agency employed by the defendant in committing the crime was a double-barrel shotgun. The proof is that defendant perpetrated the crime by exploding a loaded shotgun into his wife's body; that it was the buckshot that caused the injury. No proof was offered to sustain the charge in the indictment that defendant struck his victim with the gun. The case was tried by the People on the theory that the act was a violation of subdivision 1 of section 240 of the Penal Law. The trial judge denied a motion made by the assistant district attorney to amend the indictment by inserting the word " loaded " before the words " double barrel shot gun." There is a crime, subdivision 1 of section 240 of the Penal Law, of assaulting a person with a " loaded fire- arm," which was the offense that the evidence tended to show was committed. But that is not the crime with which the defendant was charged.

A fundamental principle in the criminal law, which brooks no deviation from its course, lest injustice and persecution be invited to reign once more, is that each defendant be apprised by an indictment of the crime with which he is charged, the nature thereof, and be tried for that, and only that, offense. Basing my judgment upon the foregoing principle, which I consider was violated, as well as People v. Dumar (106 N. Y. 502), wherein a similar situation resulted in a decision that the proof varied from the charge in the indictment, I find that there are reasonable grounds to believe that the conviction herein will not be sustained; therefore, I will grant this application and fix bail at $5,000.