■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. VICTOR M. RIVERA, Appellant.— Appeal by defendant from a judgment of the former County Court, Kings County, rendered May 12, 1961 after a jury trial, convicting him of attempted robbery in the first degree, and imposing sentence upon him as a third felony offender. Judgment reversed on the law and the facts and new trial ordered. The indictment against defendant contained one count of attempted robbery in the first degree, charging that on May 18, 1960, he " unlawfully attempted to take from the person and possession " of a named person " a wallet and a quantity of United States currency, of the aggregate value of less than one hundred dollars owned by [said person] against his will, by means of force and violence, and fear of immediate injury to his person." At the trial evidence was adduced sufficient to establish beyond a reasonable doubt that at the time and place alleged in the indictment, defendant was guilty of attempted robbery by reason of his attempt to take approximately $6,000 from a safe in the presence of, but not the property of, the person named in the indictment. However, with respect to the act charged in the indictment, there was no evidence of any attempt by the defendant to take a wallet from the alleged victim (and the trial court so ruled as matter of law); nor was there any proof adduced as to an attempt to take any currency owned by the said victim. In our opinion, the proof of an attempt to take the money from the safe was insufficient to sustain the conviction, since there was a material variance between that proof and the acts charged in the indictment as constituting the crime (*People* v. *Moley,* 13 A D 2d 822). " The difficulty is that the act stated was not proven, and that the act proven was not stated " (*People v. Dumar,* 106 N. Y. 502, 511). Beldock, P. J., Kleinfeld, Christ, Hill and Rabin, JJ., concur.